STATE of Minnesota, Respondent,

v.

Matthew Joseph Edward COGGER,
Appellant.

No. A10–1297.

Court of Appeals of Minnesota.

Aug. 8, 2011.

Lori Swanson, Attorney General, St. Paul, MN, Donald F. Ryan, Crow Wing County Attorney, Bruce F. Alderman, Assistant County Attorney, Brainerd, MN, for respondent.

David W. Merchant, Chief Appellate Public Defender, Susan Andrews, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by MINGE, Presiding Judge; PETERSON, Judge; and SCHELLHAS, Judge.

## OPINION

MINGE, Judge.

Appellant was charged and tried on several offenses, including two counts of fourth-degree assault of a peace officer by the intentional transfer of bodily fluids and one count of obstructing the legal process. Appellant challenges the district court's refusal to instruct the jury on voluntary intoxication as a defense against the assault charges. In addition, appellant challenges the district court's decision to sentence him on his conviction for obstructing the legal process, arguing that the conduct on which that charge was based was part of a single behavioral incident with the fourth-degree assault and that he cannot be sentenced for both. Because we conclude that felony-fourth-degree assault of a peace officer by the intentional transfer of bodily fluids or feces is a general-intent crime, we affirm the district court's refusal to instruct the jury on voluntary intoxication. Because appellant's convictions for fourth-degree assault and obstructing the legal process arose from a single behavioral incident, we reverse and vacate appellant's sentence on the obstruction conviction.

## FACTS

On January 1, 2010, S.D. called the police to report that a potentially intoxicated man, later identified as appellant Matthew Cogger, was yelling threats and obscenities, and kicking, punching, and spitting at the front door of her home. Two officers soon arrived at the scene and attempted to arrest Cogger, but Cogger resisted by yelling at the officers and "flailing all over." After the officers handcuffed him,

Cogger spit on the face of one of the officers.

The officers then forced Cogger into the squad car. While there, Cogger repeatedly kicked at the vehicle's window and refused to acknowledge verbal orders to stop. One of the officers then used pepper spray to try to subdue him. When Cogger continued to kick at the windows, the two officers, assisted by a third, restrained Cogger's legs. During the struggle, Cogger spit on the third officer's face.

Cogger was charged with two counts of felony-fourth-degree assault on a police officer by the intentional transfer of bodily fluids or feces under Minn.Stat. § 609.2231, subd. 1; one count of obstructing the legal process with force under Minn.Stat. § 609.50, subds. 1(2), 2(2) (2010); and one count of disorderly conduct under Minn.Stat. § 609.72, subd. 1(3) (2010). At the jury trial, two officers and one jailor testified that Cogger appeared intoxicated, smelled like alcohol, slurred his speech, was unable to stand or walk on his own at the jail, and vomited several times in his cell. Cogger requested a jury instruction on voluntary intoxication as a defense, but the district court denied the request. The jury returned a guilty verdict on all counts.

The district court sentenced Cogger to 17 months on the first conviction of fourth-degree assault, 19 months on the second conviction of fourth-degree assault, and 365 days on the conviction of obstructing the legal process, all to run concurrently. Cogger appeals.

## ISSUES

I. Is the crime of fourth-degree assault of a peace officer by the intentional transfer of bodily fluids or feces, as established by Minn.Stat. § 609.2231, subd. 1, a general-intent crime against which voluntary intoxication is not a defense?

II. Is separate sentencing for Cogger's conviction of obstructing the legal process precluded because it arose from the same behavioral incident as the events that were the basis for his convictions of fourth-degree assault?

## ANALYSIS

### I. Voluntary Intoxication Defense

■ The first issue is whether the spitting-on-an-officer charge is a general-intent crime, which would not allow Cogger to interpose the defense of voluntary intoxication. Cogger argues that the district court erred by denying his request for a jury instruction on voluntary intoxication. In Minnesota, "when a particular intent or other state of mind is a necessary element to constitute a particular crime, the fact of intoxication may be taken into consideration in determining such intent or state of mind." Minn.Stat. § 609.075 (2010). The district court must give a jury instruction on voluntary intoxication when (1) the defendant is charged with a specific-intent crime; (2) there is sufficient evidence to show, by a preponderance of the evidence, the defendant's intoxication; and (3) the defendant offers intoxication as an explanation for his conduct. *State v. Torres,* 632 N.W.2d 609, 616 (Minn.2001). We review a district court's refusal to issue a requested instruction for an abuse of discretion. *Id.*

■ "Specific intent means that the defendant acted with the intent to produce a specific result, whereas *general intent* means only that the defendant intentionally engaged in prohibited conduct." *State v. Vance,* 734 N.W.2d 650, 656 (Minn.2007). Because the construction of a statute involves questions of law, we review whether

a crime requires general or specific intent de novo. *Doe v. State Bd. of Med. Examiners,* 435 N.W.2d 45, 48 (Minn.1989).

Fourth-degree assault occurs when a defendant "intentionally throws or otherwise transfers bodily fluids or feces at or onto" a licensed Minnesota peace officer executing a duty imposed by law. Minn.Stat. § 609.2231, subd. 1; *State v. Kelley,* 734 N.W.2d 689, 693–94 (Minn.App.2007), *review denied* (Minn. Sept. 18, 2007); *see also* 10 *Minnesota Practice,* CRIMJIG 13.22 (Supp.2010). "Intentionally," in this context, is defined as having "a purpose to do the thing." Minn.Stat. § 609.02, subd. 9(3) (2010). Minnesota has not directly addressed whether fourth-degree assault of a peace officer by the intentional transfer of bodily fluids or feces is a general- or specific-intent crime.

The state argues that this is a general-intent crime and cites to *State v. Lindahl,* 309 N.W.2d 763 (Minn.1981), and *State v. Fortman,* 474 N.W.2d 401 (Minn.App. 1991), for support. Cogger argues that assault is a specific-intent crime, relying on *State v. Edrozo,* 578 N.W.2d 719, 723 (Minn.1998), and *Vance,* 734 N.W.2d at 656–57.

In *Lindahl,* the supreme court held that "force," at the time defined by reference to the assault statute, is an element of first-degree criminal sexual conduct and only required proof of general intent. 309 N.W.2d at 767. The supreme court reasoned that "an assault involving infliction of injury of some sort requires no abstract intent to do something further, only an intent to do the prohibited physical act of committing a battery." *Id.* This court applied the *Lindahl* reasoning to hold that assault by the intentional infliction of bodily injury was also a general-intent crime. *Fortman,* 474 N.W.2d at 403–04. However, because the case now before us directly involves the elements of fourth-degree as-

sault, *Fortman* and *Lindahl* are not determinative. *See State v. Fleck,* 797 N.W.2d 733 (Minn.App.2011) (providing a more detailed analysis of *Lindahl* and *Fortman* ), *review granted* (Minn. July 17, 2011).

In *Edrozo,* the supreme court effectively overruled *Fortman* when, in interpreting the elements of second-degree assault, it stated that, because the law generally requires the state to prove beyond a reasonable doubt that the defendant intended to cause bodily harm, second-degree "[a]ssault is a specific intent crime." 578 N.W.2d at 723. In *Vance,* interpreting the elements of third-degree assault, the supreme court reiterated that "intent to harm" is an essential element of an assault based on the intentional infliction of bodily harm. 734 N.W.2d at 656–57. However, both second- and third-degree assault are based on the general definition of assault, which is "(1) an act done with intent to cause fear in another of immediate bodily harm or death; or (2) the intentional infliction of or attempt to inflict bodily harm upon another." Minn.Stat. § 609.02, subd. 10 (2010). Here, Cogger committed a type of assault that does not require proof of intent to harm. Therefore, *Edrozo* and *Vance* have only limited applicability here.

■ The statutory language governing fourth-degree assault of a police officer reads:

> Whoever physically assaults a peace officer ... when that officer is effecting a lawful arrest or executing any other duty imposed by law is guilty of a gross misdemeanor.... If the assault inflicts demonstrable bodily harm or the person intentionally throws or otherwise transfers bodily fluids or feces at or onto the officer, the person is guilty of a felony....

Minn.Stat. § 609.2231, subd. 1. The statute clearly differentiates between an as-

sault inflicting bodily harm and an assault by means of intentionally transferring bodily fluids. We note that this court has previously held that "the conduct of spitting at a police officer is by itself a felony offense." *Kelley,* 734 N.W.2d at 694. Under the statute's plain language, the assailant need not intend that the spitting produce a specific result, such as the officer sustaining harm; the only intent necessary under the statute is to intentionally engage in the prohibited conduct of throwing or otherwise transferring bodily fluids (here spitting on a police officer).[1] Minn. Stat. § 609.2231, subd. 1.

We also note that the model jury instruction for fourth-degree assault requires a jury only to determine that the defendant intentionally threw or otherwise transferred bodily fluid at an officer. CRIMJIG 13.22. Although the CRIMJIG is not precedential or binding on this court, it can be instructive and provide guidance as to the working interpretation of the statute. *See Kelley,* 734 N.W.2d at 695 (noting that CRIMJIG is a guide, not a mandatory rule). The CRIMJIG indicates that a jury must simply determine whether a defendant had the purpose to perform an act, here spitting on a police officer. This is general, not specific, intent.

▪ In sum, we conclude that felony-fourth-degree assault of a police officer by the intentional transfer of bodily fluids is a general-intent crime. As a general-intent crime, the voluntary-intoxication defense was unavailable to Cogger. As such, the district court did not abuse its discretion in refusing to give a voluntary-intoxication jury instruction.

## II. Single Behavioral Incident

▪ The second issue is whether Cogger's obstruction-of-the-legal-process offense was part of a single behavioral incident with the assault offenses, thus precluding a separate sentence. When a single behavioral incident results in the violation of multiple criminal statutes, the offender may be punished for only one of the offenses. Minn.Stat. § 609.035, subd. 1 (2010). The district court's decision whether multiple offenses were committed as part of a single behavioral incident entails factual determinations that will not be reversed unless clearly erroneous. *State v. O'Meara,* 755 N.W.2d 29, 37 (Minn.App.2008). When the facts are not in dispute, the decision whether multiple offenses are part of a single behavioral incident presents a question of law that is reviewed de novo. *State v. Marchbanks,* 632 N.W.2d 725, 731 (Minn.App. 2001).

▪ The district court's determination of whether multiple offenses arise from a single behavioral act involves an examination of all the facts and circumstances of the case. *State v. Soto,* 562 N.W.2d 299, 304 (Minn.1997). In making this determination, the district court considers "whether the conduct (1) shares a unity of time and place and (2) was motivated by an effort to obtain a single criminal objective." *State v. Bauer,* 776 N.W.2d 462, 478 (Minn.App.2009).

---

1. We recognize that our *Kelley* opinion indicated that the elements of fourth-degree assault included the general definition of assault. 734 N.W.2d at 692–93. However, the issue in *Kelley* was limited to determining whether a person could commit fourth-degree assault by only spitting on a police officer, without committing an additional assault that met the general definition. *Id.* at 691. Our analysis in *Kelley* of the intent element of fourth-degree assault is not helpful in resolving the issue before us, and, even if relevant, was dictum and not binding in later cases. *See State v. Naftalin,* 246 Minn. 181, 208, 74 N.W.2d 249, 266 (1956).

Here, the district court imposed sentences for the two convictions of fourth-degree assault and for the one conviction of obstructing the legal process. It made no findings regarding whether the conduct shared a unity of time and place or was motivated by an effort to obtain a single criminal objective. In addition, the state did not request a sentence on the conviction for obstructing legal process.

As for unity of time and place, we note that all of Cogger's offenses occurred during his arrest and transport to jail. Although there is no indication in the record of how much time elapsed during the incident, it appears that Cogger was obstructing the legal process throughout the incident. Second, it appears that Cogger's sole purpose in committing his crimes was to prevent arrest. There is no evidence in the record of any other purpose. Therefore, we conclude that the incidents share a unity of time and place and were motivated by an effort to obtain a single criminal objective, and that the convictions therefore arose from a single behavioral incident. As such, we reverse and vacate the sentence for obstructing the legal process.

### DECISION

Because one need only act with the purpose to spit on a police officer, without intent of causing any result such as harm, we conclude that fourth-degree assault by the intentional throwing or transferring of bodily fluids or feces at or onto a peace officer is a general-intent crime. As such, we affirm the district court's refusal to instruct the jury on the defense of voluntary intoxication.

Because Cogger's conduct resulting in convictions for fourth-degree assault and obstructing the legal process arose from a single behavioral incident, we conclude that the district court's order sentencing Cogger to 365 days in prison on the obstruction conviction was in error, and we reverse and vacate that sentence.

**Affirmed in part, reversed in part.**