STATE of Minnesota, Respondent,

v.

Clarence Peter KJESETH, Appellant.

No. A12–1012.

Court of Appeals of Minnesota.

April 8, 2013.

Lori Swanson, Attorney General, St. Paul, MN; and Robin W. Finke, Swift County Attorney, Harry D. Hohman, Assistant County Attorney, Benson, MN, for respondent.

David W. Merchant, Chief Appellate Public Defender, Sharon E. Jacks, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by HALBROOKS, Presiding Judge; LARKIN, Judge; and HUSPENI, Judge.[*]

## OPINION

HALBROOKS, Judge.

On appeal from his convictions of first-degree DWI for impaired driving, first-degree DWI for test refusal, and fleeing a police officer, appellant argues that the district court's jury instruction on the enhancement element of first-degree DWI was based on an erroneous view of the law because it allowed his current violations of the DWI statute to be enhanced by a prior felony conviction of test refusal. In the alternative, appellant argues that his sentence should be reduced because the district court erred by including the prior felony conviction that was used for enhancement in his criminal-history score.

Because the first-degree DWI statute, Minn.Stat. § 169A.24, defines as predicate offenses "a felony under this section," therefore including both impaired-driving and test-refusal felony offenses, we hold that a prior felony conviction of test refusal can be used to enhance a subsequent violation of the DWI statute to a first-degree offense. And because the sentencing guidelines require that prior felonies

used for enhancement be included in an offender's criminal-history score, we affirm appellant's sentence.

## FACTS

In 2004, appellant Clarence Peter Kjeseth was charged with first-degree DWI for impaired driving and first-degree DWI for test refusal. Those incidents were charged as first-degree offenses based on "four prior qualified impaired driving incidents" from 1999 to 2001. Kjeseth pleaded guilty to first-degree DWI for test refusal, and the other charge was dismissed.

In 2011, Kjeseth was charged with first-degree DWI for impaired driving in violation of Minn.Stat. §§ 169A.20, subd. 1(1), .24; first-degree DWI for test refusal in violation of Minn.Stat. §§ 169A.20, subd. 2, .24; and fleeing a peace officer in violation of Minn.Stat. § 609.487, subd. 6 (2010). The two DWI violations were charged as first-degree offenses based on Kjeseth's 2004 felony DWI.

Kjeseth pleaded not guilty to all three counts and went to trial. After the close of evidence, the district court proposed a jury instruction on the applicable enhancement element of first-degree DWI that asked the jury to determine whether Kjeseth had a previous felony conviction for DWI or refusal to submit to testing. Defense counsel objected to that instruction, arguing that "the legislature did not mean that refusal to submit to testing [be] included in [section 169A.24]" and noting that the CRIMJIG on first-degree DWI enhancement refers only to impaired-driving priors. The district court recognized that its proposed instruction deviated from the CRIMJIG, but explained that the CRIMJIG "doesn't include everything that

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

is within [section 169A.24]." At the close of trial, the district court instructed the jury that if they found Kjeseth guilty of either the impaired-driving or test-refusal charge they must answer the additional question on their verdict form: "Did the defendant have a previous felony conviction for driving while impaired or refusal to submit to testing."

The jury found Kjeseth guilty on all counts and answered "yes" to the question of whether he had a prior felony conviction for impaired driving or test refusal. Before sentencing, probation calculated Kjeseth's criminal-history score to be five, a score that included 1.5 points for his 2004 conviction. The district court sentenced Kjeseth to 66 months in prison, the presumptive sentence for felony DWI by an offender with a criminal-history score of five. *See* Minn. Sent. Guidelines Grid 2010. This appeal follows.

## ISSUES

I. Did the district court abuse its discretion by denying Kjeseth's request to instruct the jury on the prior felony-enhancement element of first-degree DWI by using the CRIMJIG?

II. Did the district court sentence Kjeseth based on an erroneous criminal-history score?

## ANALYSIS

### I.

 "The district court has broad discretion in determining jury instructions and we will not reverse in the absence of abuse of discretion." *Hilligoss v. Cargill, Inc.,* 649 N.W.2d 142, 147 (Minn.2002). We review the district court's jury instructions to determine whether they "fairly and adequately explain the law." *State v. Vance,* 734 N.W.2d 650, 656 (Minn.2007), *overruled on other grounds by State v.*

*Fleck,* 810 N.W.2d 303 (Minn.2012). Jury instructions "must define the crime charged and explain the elements of the offense to the jury." *Id.* An instruction that materially misstates the law constitutes error. *State v. Kuhnau,* 622 N.W.2d 552, 556 (Minn.2001). In order to determine the accuracy of the district court's instructions, it is necessary that we establish the elements of the DWI statutes at issue. *See State v. Pendleton,* 567 N.W.2d 265, 268 (Minn.1997). Whether the district court has properly construed the elements of a statute is a question of law, which we review de novo. *See State v. Pearson,* 633 N.W.2d 81, 83 (Minn.App.2001).

Minnesota's DWI statute makes it a crime to drive motor vehicles, motorboats, snowmobiles, and off-highway motorcycles while impaired or to refuse to submit to a chemical test of one's blood, breath, or urine. Minn.Stat. § 169A.20. A person violating the DWI statute is sentenced under one of four separate penalty statutes: "section 169A.24 (first-degree driving while impaired), 169A.25 (second-degree driving while impaired), 169A.26 (third-degree driving while impaired), or 169A.27 (fourth-degree driving while impaired)." *Id.,* subd. 3. First-degree DWI is a felony offense. *Id.;* Minn.Stat. § 169A.24, subd. 2. Second-degree and third-degree DWIs are gross misdemeanors and fourth-degree DWI is a misdemeanor. Minn.Stat. §§ 169A.25, .26, .27 (2010).

A violation of section 169A.20 is a first-degree offense if one of three conditions is met: "[T]he person: (1) commits the violation within ten years of the first of three or more qualified prior impaired driving incidents; (2) has previously been convicted of a felony under this section; or (3) has previously been convicted of a felony under section 609.21 . . . ." Minn.Stat. § 169A.24, subd. 1. The second enhance-

ment provision—enhancement by prior felony DWI—is at issue in this case.

Kjeseth argues that the district court's jury instruction on the prior felony-enhancement element was based on an erroneous view of the law. On this element, the district court asked the jury to decide whether Kjeseth had a previous felony conviction of DWI or refusal to submit to testing.[1] Kjeseth asserts that only a prior felony impaired-driving offense—not a prior test refusal—can support a conviction under the first-degree DWI statute. Whether the district court's instruction on the first-degree enhancement element fairly explains the governing law of the case, therefore, requires us to determine whether felony test refusal is a predicate offense for first-degree DWI.

We necessarily turn to the language of the first-degree DWI statute, Minn.Stat. § 169A.24. Section 169A.24 provides that a violation of the DWI statute results in a felony conviction if the offender "has previously been convicted of a felony under this section." *Id.,* subd. 1(2). We detect no ambiguity in this statutory language or its meaning. "If a statute is unambiguous, then we must apply the statute's plain meaning." *Larson v. State,* 790 N.W.2d 700, 703 (Minn.2010). The statutory language expressly provides for enhancement of a violation of section 169A.20 by "a felony under this section"—this is, any prior or first-degree DWI. The statute does not limit felony predicates to only impaired-driving offenses. According to the plain meaning of the first-degree statute, felony impaired driving and felony test refusal are both first-degree DWI predicate offenses.

Having determined that section 169A.24 provides for enhancement by a prior felony

test refusal, we address Kjeseth's argument that the "statutory structure" of section 169A.20, the DWI statute, creates confusion as to what prior convictions may be used for first-degree enhancement. Kjeseth asserts that because the DWI statute proscribes four types of impaired driving in addition to test refusal, it is ambiguous whether felony test refusal is a first-degree DWI predicate. We disagree. We discern nothing unclear about what conduct is prohibited under the DWI statute and to what penalty provisions those violations are subject.

Kjeseth cites one case to support his theory that only felony DWI based on impaired driving can enhance a subsequent offense. *See State v. Smoot,* 737 N.W.2d 849 (Minn.App.2007), *review denied* (Minn. Nov. 21, 2007). But *Smoot* is not relevant to our inquiry because the issue in that case was whether felony DWI could serve as a predicate offense for felony murder. *Id.* at 851. Not only is *Smoot* off-point, it does nothing to alter the enhancement elements of first-degree DWI.

Because it is undisputed that Kjeseth was convicted in 2004 of a felony under section 169A.24, his current conviction was properly enhanced. And because the first-degree DWI statute treats all prior convictions under section 169A.24 as predicate offenses—and makes no qualification whatsoever for felony test-refusal crimes—the district court's instruction on the first-degree enhancement element was in accordance with the law. As a result, the district court did not abuse its discretion by refusing to follow the CRIMJIG on the prior felony-enhancement element of first-degree DWI.

---

1. The CRIMJIG for this enhancement element asks the jury to determine: "Did the defendant have a previous felony conviction for driving while impaired?" 10A *Minnesota Practice,* CRIMJIG 29.22 (Supp.2012).

Consequent to our ruling, we reiterate the district court's sound observation that the CRIMJIG on the prior felony-enhancement element of first-degree DWI does not encompass the breadth of section 169A.24. Because it fails to account for both types of conduct—impaired driving and test refusal—that give rise to a prior felony under section 169A.24, the CRIMJIG is incomplete.

## II.

▌ Kjeseth alternatively argues that his sentence is based on an incorrect criminal-history score because it includes points for his 2004 DWI conviction. He contends that this conviction cannot be used to both enhance his current offense and to increase his criminal-history score. We review the district court's determination of a defendant's criminal-history score for abuse of discretion. *State v. Stillday*, 646 N.W.2d 557, 561 (Minn.App.2002), *review denied* (Minn. Aug. 20, 2002). But construction of the sentencing guidelines is a question of law, which we review de novo. *State v. Maurstad*, 733 N.W.2d 141, 148 (Minn.2007).

Under the Minnesota Sentencing Guidelines, prior misdemeanor or gross misdemeanor convictions that enhance an offense to a felony may not be used to calculate an offender's criminal-history score, except to determine custody status. Minn. Sent. Guidelines II.B.6 (2010). But "[p]rior felony offenses used for enhancement shall always be used in calculating the offender's criminal history score." *Id.* The guidelines further provide:

> If the current offense is a felony DWI offense and the offender has a prior felony DWI offense, the prior felony DWI *shall be used* in computing the criminal history score, but the prior misdemeanor and gross misdemeanor offenses used to enhance the prior felony

DWI cannot be used in the offender's criminal history.

*Id.* (emphasis added).

It is without dispute that the guidelines mandate the inclusion of Kjeseth's 2004 felony DWI in his criminal-history score even though it was used to enhance his current offense. Kjeseth argues, however, that the guidelines in this respect conflict with the holding of *State v. Zeimet*, 696 N.W.2d 791 (Minn.2005). But in *Zeimet*, the supreme court addressed enhancement under subdivision 1(1) of the first-degree DWI statute—the provision governing enhancement based on qualified priors—and limited the extent to which qualified priors could be included in a criminal-history score if used for enhancement. 696 N.W.2d at 794, 797. Unlike this case, none of the predicate offenses at issue in *Zeimet* were felony offenses. *Id.* at 793 n. 1. Because Kjeseth's current offense was enhanced by a prior felony pursuant to subdivision 1(2), *Zeimet* is inapplicable.

In sum, the inclusion of Kjeseth's 2004 felony DWI in his criminal-history score was a proper application of the guidelines and was, therefore, well within the proper exercise of the district court's discretion.

## DECISION

Because the district court's jury instruction on the prior felony-enhancement element of first-degree DWI properly included both impaired-driving and test-refusal predicates, the district court did not abuse its discretion by denying Kjeseth's request to follow the CRIMJIG. Furthermore, because the sentencing guidelines require the inclusion of prior felonies in an offender's criminal-history score, irrespective of whether those priors enhance a current offense, the district court did not abuse its discretion in calculating Kjeseth's criminal-

history score. Accordingly, we discern no basis for reducing Kjeseth's sentence.

**Affirmed.**