*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0809**

State of Minnesota,
Respondent,

vs.

David Lee King,
Appellant.

**Filed April 6, 2015
Affirmed
Rodenberg, Judge**

Sherburne County District Court
File No. 71-CR-13-80

Lori Swanson, Attorney General, Matthew Frank, Assistant Attorney General, St. Paul, Minnesota; and

Kathleen A. Heaney, Sherburne County Attorney, Samuel Wertheimer II, Assistant County Attorney, Elk River, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Rachel F. Bond, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Rodenberg, Presiding Judge; Chutich, Judge; and Smith, Judge.

## UNPUBLISHED OPINION

**RODENBERG**, Judge

Appellant David Lee King challenges the sufficiency of the evidence to convict him of fourth-degree assault on a correctional officer. We affirm.

# FACTS

On October 27, 2012, appellant was serving a sentence at the St. Cloud Correctional Facility. Correctional Officer (CO) Charles Thompson was working in appellant's unit and delivered appellant's lunch. When CO Thompson returned to retrieve appellant's food tray, appellant became upset with CO Thompson for what appellant perceived as favoritism toward another inmate and mistreatment. CO Thompson testified that, while he tried to reason with appellant, appellant threw the liquid contents of a cup at CO Thompson. The liquid landed on CO Thompson's face and clothes, with most of the contents landing on CO Thompson's sweater. After help arrived, CO Thompson went to take a shower. He placed his sweater and shirt into an evidence-preservation bag. Although CO Thompson did not recall smelling anything or recognizing the substance thrown at him as urine, later analysis of the sweater revealed characteristics consistent with urine on his sweater.

Allison Dolenc of the Minnesota Bureau of Criminal Apprehension nuclear DNA section tested the substance found on CO Thompson's sweater and determined that creatinine was present on the sweater. The presence of creatinine on the sweater "is indicative that there could be the presence of urine." Ms. Dolenc was unaware of creatinine being found in any other place in nature other than urine, and she opined that creatinine is a byproduct only of urine.

CO Daniel Sletta testified that, after the incident occurred, he spoke with appellant. CO Sletta testified that appellant admitted throwing his own urine at CO Thompson and said that he had never thrown urine at a staff member before.

Appellant claims to have observed CO Thompson spit in his and other prisoners' food approximately one week before this incident. He also claims to have reported a hair in his food tray to CO Thompson and claims to have requested a new tray during this incident. CO Thompson did not fulfill that request and suggested that appellant fill out a complaint form. Appellant further claims that CO Thompson told appellant, "Who's winning the war now, bitches." And appellant claims that, because he was offended, he crushed up a multivitamin, stirred it into his water, and then threw the mixture at CO Thompson. Appellant denies throwing urine at CO Thompson.

Appellant was charged with assault on a correctional officer under Minn. Stat. § 609.2231, subd. 3(2) (2012), based on the state's claim that he threw urine at CO Thompson. After a bench trial, the district court found appellant guilty of the charged offense.

## D E C I S I O N

To convict appellant of fourth-degree assault pursuant to Minn. Stat. § 609.2231, subd. 3(2), the state had to prove that appellant intentionally transferred bodily fluids onto a correctional officer while that officer was "executing a duty imposed by law." *See State v. Cogger*, 802 N.W.2d 407, 410 (Minn. App. 2011), *review denied* (Minn. Mar. 28, 2012). It is undisputed that appellant intentionally threw liquid at CO Thompson while CO Thompson was engaged in the performance of the duties imposed on him by law. The only disputed issue is whether the liquid in the cup was a bodily fluid.

When reviewing a verdict following from a bench trial, we use the same standard of review as is used when reviewing a jury verdict. *State v. Palmer*, 803 N.W.2d 727,

3

733 (Minn. 2011). In considering the sufficiency of the evidence, we review the record thoroughly to determine whether the evidence is sufficient to allow the district court to reasonably conclude that appellant is guilty of the crime charged. *State v. Flowers*, 788 N.W.2d 120, 133 (Minn. 2010). We view the evidence in the light most favorable to the guilty verdict and "assume that the [district court] believed the state's witnesses and disbelieved any contradictory evidence." *Id.*

When there is direct evidence sufficient by itself to prove all elements of the crime, we do not apply the heightened standard of review used for convictions based on circumstantial evidence. *State v. Porte*, 832 N.W.2d 303, 309 (Minn. App. 2013). Direct evidence is evidence based on personal knowledge that, if true, proves a fact without resort to inference. *Bernhardt v. State*, 684 N.W.2d 465, 477 n.11 (Minn. 2004); *State v. Silvernail*, 831 N.W.2d 594, 604 (Minn. 2013) (Stras, J., concurring in part). Circumstantial evidence requires an inference to prove a fact and is not based on personal knowledge or observation. *Bernhardt*, 681 N.W.2d at 477 n.11.

When viewed in the light most favorable to the verdict, there is direct evidence that the liquid in the cup was urine. CO Sletta testified that appellant admitted throwing his own urine onto CO Thompson. Therefore, we need not apply heightened scrutiny to our review of the evidence.

Appellant argues that his statement to CO Sletta is insufficient, standing alone, to prove that the liquid in the cup was urine. Appellant cites Minnesota Supreme Court caselaw observing, in controlled-substance cases, that a "defendant's own personal belief of and representations of the substance as a controlled substance was not sufficient to

4

prove identity." *State v. Olhausen*, 681 N.W.2d 21, 27 (Minn. 2004) (quotation omitted). The controlled-substance cases are inapposite here. In controlled-substance cases, the concern is whether the substance possessed, sold, or found on the defendant, is, in fact, a controlled substance aside from the defendant thinking that it is. *See State v. Robinson*, 517 N.W.2d 336, 338 (Minn. 1994) (discussing testimony from an expert that revealed the alleged controlled substances to be baking soda, powdered sugar, or soap).

This concern is not present here. Appellant's urine came from his body. Appellant's admission that he threw his urine at CO Thompson is direct evidence of a fact known to appellant. It is not circumstantial evidence. While appellant now denies the liquid in the cup was actually urine, we must assume that the district court "believed the state's witnesses and disbelieved any contradictory evidence." *See Flowers*, 788 N.W.2d at 133. That the liquid in the cup was urine is proven by appellant's admission, direct evidence of that fact. Moreover, creatinine was found on CO Thompson's sweater. The record reveals no alternative explanation for creatinine other than that it came from the urine thrown by appellant. Appellant's conviction for fourth-degree assault is supported by the record.

**Affirmed.**