*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0887**

State of Minnesota,
Respondent,

vs.

Clint Ryan Serrano,
Appellant.

**Filed May 26, 2015
Affirmed
Klaphake, Judge***

Hennepin County District Court
File No. 27CR1221272

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Susan L. Segal, Minneapolis City Attorney, Sarah Becker, Heather P. Robertson, Assistant City Attorneys, Minneapolis, Minnesota (for respondent)

Mary Moriarty, Hennepin County Public Defender, Sean P. Cahill, Peter W. Gorman, Assistant Public Defenders, Minneapolis, Minnesota (for appellant)

        Considered and decided by Hooten, Presiding Judge; Schellhas, Judge; and

Klaphake, Judge.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**KLAPHAKE**, Judge

On appeal from his conviction of obstruction of legal process, appellant Clint Ryan Serrano argues that (1) the district court abused its discretion by instructing the jury on the intent element of the crime and on the requirements of a parasomnia defense; and (2) the evidence was insufficient to support his conviction. Because the jury instructions were proper and the evidence is sufficient to support appellant's conviction, we affirm.

## DECISION

*Jury instructions*. "Jury instructions must fairly and adequately explain the law of the case." *Gulbertson v. State*, 843 N.W.2d 240, 247 (Minn. 2014) (quotation omitted). An instruction is given in error when it "materially misstates the law." *State v. Vance*, 734 N.W.2d 650, 656 (Minn. 2007), *overruled on other grounds by State v. Fleck*, 810 N.W.2d 303 (Minn. 2012); *State v. Kuhnau*, 622 N.W.2d 552, 556 (Minn. 2001). "District courts are allowed considerable latitude in phrasing jury instructions," and we review the instructions given for an abuse of that discretion. *State v. Hunter*, 857 N.W.2d 537, 542 (Minn. App. 2014) (quotation omitted). "An erroneous jury instruction merits a new trial when it cannot be determined beyond a reasonable doubt that the error had no significant impact on the verdict." *Id.* (quotation omitted). "Whether the district court has properly construed the elements of a statute is a question of law, which [appellate courts] review de novo." *State v. Kjeseth*, 828 N.W.2d 480, 482 (Minn. App. 2013).

Obstruction of legal process is defined as "[w]hoever intentionally . . . obstructs, resists, or interferes with a peace officer while the officer is engaged in the performance

of official duties." Minn. Stat. § 609.50, subd. 1(2) (2012). Consistent with the jury instructions recommended for this offense[1], the district court judge instructed the jury as follows:

> The elements of the crime are, first, Officer McDonough [the arresting officer] was a peace officer engaged in the performance of official duties. A Minneapolis police officer is a peace officer.
> Second, the defendant physically obstructed, resisted or interfered with Officer McDonough in the performance of his official duties. Physically obstructed, resisted or interfered with means the words and acts of the defendant must have the effect of substantially frustrating or hindering the officer in the performance of the officer's duties.
> Third, the defendant intentionally obstructed – intentionally obstructed, resisted or interfered with Officer McDonough or knew that his actions would have that result.
> Fourth, the defendant's actions took place on or about July 7, 2012, in Hennepin County.

Appellant did not object to these instructions at trial.

Appellant argues that the jury instructions were ambiguous because they did not include a separate instruction on specific intent and were therefore vague. Normally, when the word "intentionally" is used in the statutory definition of an offense, the

---

[1] 10A *Minnesota Practice*, CRIMJIG 24.26[3] (2006) (JIG) states:
> First, _____ was a peace officer engaged in the performance of official duties. A ___ is a peace officer.
> Second, the defendant physically obstructed, resisted, or interfered with _____ in the performance of official duties.
> . . . .
> Third, the defendant acted with the intention of (obstructing, hindering, or preventing) (interfering with) (deterring or interfering with) _____.
> Fourth, the defendant's at took place on (or about) _____ in _____ County.
.

requisite state of mind is that "the actor either has a purpose to do the thing or cause the result specified or believes that the act performed by the actor, if successful, will cause that result." Minn. Stat. § 609.02, subd. 9(1), (3) (2014). "A general-intent crime does not require an intent to cause a particular result, it requires only that the defendant engaged intentionally in specific prohibited conduct. The defendant must have engaged in a volitional act and not merely acted accidentally." *State v. Pederson*, 840 N.W.2d 433, 436 (Minn. App. 2013) (quotations and citation omitted). Appellant argues that the "intentionally obstructed" language in the instruction given "muddies the distinction between the act and a particular intent." He asserts that the instruction allowed respondent to "collapse" the specific-intent requirement into a general-intent requirement, allowing a conviction if appellant committed a volitional act that happened to obstruct the arresting officer, rather than that he intended to obstruct the arresting officer.

Published Minnesota authority does not address whether obstruction of legal process is a general-intent or specific-intent crime.[2] But *Fleck*, addresses the requisite intent for assault-based crimes, stating that "[w]hen a statute simply prohibits a person from intentionally engaging in the prohibited conduct, the crime is considered a general-intent crime." 810 N.W.2d at 308; s*ee State v. Cogger*, 802 N.W.2d 407, 411 (Minn.

---

[2] As noted by the parties, two unpublished opinions of this court reach opposite conclusions on whether the offense is a general-intent or specific-intent crime. *Compare State v. Bjork*, No. A06-809 2007 WL 2363834, at *3 (Minn. App. Aug. 21, 2007) ("The crime of obstructing arrest/legal process requires a specific intent."), *review denied* (Minn. Nov. 13, 2007); *with State v. Dodds*, No. A08-0261, 2009 WL 1046356, at *5 (Minn. App. Apr. 21, 2009) (rejecting *Bjork* ruling on specific intent as dicta and ruling that obstruction of legal process "is a general-intent crime because the only intent required is the intent to do the very act which is prohibited—acting in a manner that obstructs"), *review denied* (Minn. July 22, 2009).

App. 2011) (concluding that offense of felony fourth-degree assault of a police officer by the intentional transfer of bodily fluids is a general-intent crime because "the only intent necessary . . . is to intentionally engage in the prohibited conduct"), *review denied* (Minn. Mar. 28, 2012).

The statute here merely prohibits appellant from engaging in the prohibited conduct of obstructing, resisting or interfering with a peace officer during the performance of official duties. Thus, consistent with *Fleck*, obstruction of legal process is a general-intent crime. 810 N.W.2d at 308. Because the intent instruction given was sufficient to meet the general-intent requirement, the district court's instruction was adequate. Further, to the degree that the instruction was inaccurate, it favored appellant because it encompassed a heightened intent requirement, and did not prejudice appellant or affect his substantial rights. *See State v. Larson*, 787 N.W.2d 592, 601 (Minn. 2010) (affirming a conviction on a claim of an erroneous jury instruction when jury would not have reached a different conclusion even if it had been properly instructed and any error did not affect the defendant's substantial rights).

*Parasomnia instruction.* At trial, appellant asserted the defense of parasomnia, which causes some people to exhibit conduct while asleep that would normally occur only while they are awake. Appellant argues that the district court erroneously instructed the jury on the parasomnia defense by including a requirement that appellant not act with reckless disregard to the danger posed to others by his condition. The full jury instruction given stated:

First, the defendant was made so mentally deficient by reason of parasomnia that the defendant did not understand the nature of the act or that it was wrong. This means that the defendant must have failed to know what the defendant was doing or what the consequences of the act would be or the defendant must have failed to realize that the act was wrong.

Second, the defendant was acting under the influence of parasomnia at the time of the incident.

Third, if the State proves beyond a reasonable doubt that the defendant acted with reckless disregard to the danger that his condition posed to people or property, then the defendant may not use the defense.

This instruction is derived from CRIMJIG 7.04, which defines the defense of involuntary intoxication. 10 *Minnesota Practice*, CRIMJIG 7.04 (2006). The defense of involuntary intoxication is based on "an innocent mistake by the defendant about the character of the substance taken." *City of Minneapolis v. Altimus*, 306 Minn. 462, 469, 238 N.W.2d 851, 856 (1976). The instruction given required appellant not to have acted "with reckless disregard to" dangers to others posed by his condition. In discussions with the attorneys about crafting this instruction, the district court acknowledged that there are differences in the defense of involuntary intoxication and the defense of parasomnia, but the third element of the instruction as given places a heightened burden on the state to prove beyond a reasonable doubt that appellant acted with disregard to his condition and is therefore more favorable to the appellant than the recommended involuntary intoxication defense. We observe no abuse of discretion in the district court's decision to give this instruction.

*Sufficiency of Evidence*. Appellant next argues that the evidence was insufficient to prove that he intended to commit the crime. Intent involves the state of mind of the

perpetrator and is generally proved through circumstantial evidence. *State v. Davis*, 656 N.W.2d 900, 905 (Minn. App. 2003), *review denied* (Minn. May 20, 2003). This court reviews a conviction based on circumstantial evidence by applying a two-step analysis to determine whether the evidence was sufficient to sustain the conviction. *State v. Hayes*, 831 N.W.2d 546, 552-53 (Minn. 2013). First, this court examines the circumstances proved, deferring to the fact-finder's acceptance of proof of those circumstances and rejection of conflicting evidence. *State v. Andersen*, 784 N.W.2d 320, 329 (Minn. 2010). Then, we "independently examine the reasonableness of the inferences to be drawn from [those] circumstances." *State v. Pratt*, 813 N.W.2d 868, 874 (Minn. 2012). During this examination, we consider inferences of both innocence and guilt; all of the circumstances proved must be consistent with guilt and inconsistent with any rational hypothesis negating guilt. *Andersen*, 784 N.W.2d at 329-30. This court will not overturn a conviction on mere conjecture. *Id.* at 330.

The evidence is sufficient to support the verdict in this case. While evicting noisy hotel guests from a room, the arresting officer discovered appellant sleeping in a chair, and a departing guest told the officer that he was going to have to "wake [appellant] up." The officer shook appellant's chair and then his shoulder, at which time appellant "smiled" at the officer "with his eyes wide open, and then he closed his eyes and went back to sleep." The officer thought that appellant was ignoring his commands, so he pulled appellant out of the chair, and appellant became aggressive, kicked the officer, flopped on the ground, tried to escape, and swatted the officer. He also put the officer in

a "reverse headlock" with an arm around the officer's neck and continued to struggle as he was arrested, "mad and angry" with his eyes open.

To convict on this evidence, the jury necessarily believed the state's evidence that appellant was awake and rejected appellant's evidence that he was under the influence of parasomnia. Because appellant's claim that he was not awake was rejected by the jury, the only inference that can be drawn from the evidence is that appellant was awake and intended to take the actions that he did. The circumstantial evidence of intent was sufficient to support appellant's conviction. Likewise, it was not necessary for the state to prove that appellant acted in a reckless manner because the jury rejected the evidence that appellant was acting under the influence of parasomnia.

**Affirmed**.