Dennis LARSON, Appellant,

v.

STATE of Minnesota and County
of Douglas, Respondents.

No. A09–495.

Supreme Court of Minnesota.

Nov. 18, 2010.

Amy J. Doll, Fluegel, Anderson, McLaughlin, & Brutlag, Chtd., Morris, MN, for appellant.

Lori Swanson, Attorney General, Jeffrey S. Thompson, Assistant Attorney General, St. Paul, MN, for respondent State of Minnesota.

Jason J. Kuboushek, Iverson Ruevers, Bloomington, MN, for respondent County of Douglas.

## OPINION

STRAS, Justice.

This case presents a question of statutory interpretation to determine whether Minn.Stat. § 117.225 (2008) permits fee owners to seek the discharge of a portion of an easement previously acquired by the State of Minnesota through condemnation proceedings when the easement "is not being used for the purposes for which it was acquired." Appellant Dennis Larson contends that a liberal construction of section 117.225 is required because it is a remedial statute that protects the private property rights of landowners. Because section 117.225 is unambiguous and the plain language of the statute does not permit the discharge of a portion of an easement, we affirm.

### I.

In 1957, the State of Minnesota acquired a highway easement across a portion of land (the "property") adjacent to Lake Le Homme Dieu through its sovereign power of eminent domain. *See* Minn.Stat. § 117.20 (1955) (repealed 1971). The property is located on an isthmus between Lakes Le Homme Dieu and Geneva outside the city of Alexandria. The State's easement, designated as Parcel 11, is located in the western portion of the property. Parcel 11 consists of 5.45 acres of land acquired for the purposes of constructing and maintaining Minnesota Trunk Highway 29 ("TH 29"). The Final Certificate of Deed Record No. 87 (the "Final Certifi-

cate") memorialized the easement and defined its scope:

> State now owns an easement in said lands for highway purposes, together with the following rights, to-wit: to erect temporary snow fences ...; to take all trees, shrubs, grass, and herbage within the right of way of the trunk highway herein acquired and to keep and have the exclusive control of the same; to waste, dispose of and place gravel, stone, clay, dirt, sand and other materials ...; to take the right of access to said trunk highway from the owners whose lands from thereon in those cases which are particularly mentioned in said petition; and to construct and maintain slopes upon and remove materials from the lands....

Following the condemnation proceedings, the Minnesota Department of Transportation ("Mn/DOT") constructed TH 29. Along with the traveled lanes of the highway, Mn/DOT built supportive slopes along the shoulder, a scenic overlook on a plateau facing Lake Le Homme Dieu, a safety rest area, a vault toilet, and a drainage system leading directly from the highway to Lake Le Homme Dieu.

Since 1962, the public has used the TH 29 rest area to access Lake Le Homme Dieu. In 1977, Douglas County approached Mn/DOT with a request to use part of the TH 29 rest area as a recreational beach. Pursuant to that request, the State granted the County the first in a series of limited use permits. The State granted identical permits to the County in 1981, 1987, and 1995. The current permit expires in 2020, and includes the following terms: (1) it is revocable by either party upon thirty days written notice to the other; (2) it "does not grant any interest whatsoever in land, nor does it establish a permanent park, recreation area or wildlife or waterfowl refuge facility"; (3) the County is responsible for all maintenance at "the swimming beach rest station"; and (4) "[n]o permanent buildings shall be constructed" on the property.

In 2005, appellant Dennis Larson acquired title by quitclaim deed to the portion of Parcel 11 subject to the State's easement as a tenant in common with his brother, Roger Larson. The Larsons approached the State and County with the hope of acquiring the portion of the State's easement subject to the County's limited use permit. The Larsons then brought an action to quiet title to the property at the request of the State and County. The district court held that the Larsons owned the land as tenants in common subject to the State's easement. Roger Larson subsequently sold his interest in Parcel 11 to appellant Dennis Larson.

On April 25, 2008, Larson brought the present declaratory judgment action in the Douglas County District Court under Minn.Stat. § 117.225 (2008), seeking discharge of the portion of the State's easement subject to the County's limited use permit. Larson also argued that the State had abandoned its easement through misuse of the beach area and by previously offering to sell the land to the County. The court granted summary judgment to the State and County, holding that Larson had failed to state a claim upon which relief could be granted. Specifically, the court held that discharge of a portion of an easement is beyond the scope of section 117.225 and that the alleged misuse did not constitute abandonment of the easement.

Larson appealed the district court's decision regarding the application of Minn. Stat. § 117.225 to the Minnesota Court of Appeals,[1] which affirmed by published

---

1. Larson did not appeal the district court's decision regarding abandonment of the ease-

opinion on the ground that section 117.225 does not permit the discharge of a portion of an easement. *See Larson v. State,* 776 N.W.2d 727, 730 (Minn.App.2009). We granted Larson's petition for review, and now affirm.

## II.

▮▮▮ Interpretation of a statute is a question of law that is reviewed de novo. *See American Tower, L.P. v. City of Grant,* 636 N.W.2d 309, 312 (Minn.2001). The first step in statutory interpretation is to "determine whether the statute's language, on its face, is ambiguous." *Id.* If a statute is unambiguous, then we must apply the statute's plain meaning. *See Tuma v. Comm'r of Econ. Sec.,* 386 N.W.2d 702, 706 (Minn.1986).

## A.

▮▮▮ As relevant here, Minn.Stat. § 117.225 provides:

> Whenever claiming that an easement acquired by condemnation is not being used for the purposes for which it was acquired, the underlying fee owner may apply to the district court of the county in which the land is situated for an order discharging the easement, upon such terms as are just and equitable.

Statutory words and phrases must be construed according to the rules of grammar and common usage. *See* Minn.Stat. § 645.08(1) (2008). The first clause of section 117.225 (the "triggering clause") provides the conditions under which a district court may order the remedy provided in the second clause (the "remedial clause") of the statute. If the conditions in the triggering clause are not satisfied, then a district court lacks the statutory authority to order the discharge of an easement.

The question presented here is whether the phrases "an easement" in the triggering clause and "the easement" in the remedial clause of section 117.225 mean the entire easement, or should also be interpreted to include a portion of an easement. "An" is commonly used to "denote a single but unspecified person or thing." *The American Heritage Dictionary of the English Language* 1, 63 (4th ed.2009); *but see* Minn.Stat. § 645.08(2) (2008) ("[T]he singular includes the plural...."). Therefore, "an easement" refers to a single, unspecified easement. In contrast, "the easement" refers to a specific easement. *See Lowry v. City of Mankato,* 231 Minn. 108, 115, 42 N.W.2d 553, 558 (1950) ("The word 'the' is a definitive and when used before a noun has a specifying and particularizing effect."). In Minn.Stat. § 117.225, "the easement" is a specific reference to the antecedent phrase "an easement." Because the two phrases refer to the same easement or easements, the district court may discharge *only* the property interest that gives rise to the fee owner's cause of action under the triggering clause.

▮▮▮ Larson argues that regardless of the articles preceding "easement" in section 117.225, we should construe that term to include a portion of an easement. We disagree. An easement is "an interest in land owned by another person, consisting in the right to use or control the land ... for a specific limited purpose." *Black's Law Dictionary* 585–86 (9th ed.2009). This court has previously looked to the definition of "easement" provided by the Restatement (First) of Property § 450 (1944):

> An easement is an interest in land in the possession of another which (a) entitles the owner of such interest to a limited use or enjoyment of the land in which

ment.

the interest exists; (b) entitles him to protection as against third persons from interference in such use or enjoyment; (c) is not subject to the will of the possessor of the land; (d) is not a normal incident of the possession of any land possessed by the owner of the interest, and (e) is capable of creation by conveyance.

See, e.g., Scherger v. Northern Natural Gas Co., 575 N.W.2d 578, 580 (Minn.1998) ("An easement is an interest in land possessed by another which entitles the grantee of the interest to a limited use or enjoyment of that land."); Burnquist v. Cook, 220 Minn. 48, 55, 19 N.W.2d 394, 398 (1945) ("The general rules covering easements ... are set forth in Restatement, Property, Servitudes, as follows: '§ 450. An easement is an interest in land in the possession of another....'").

■ An "easement" is, therefore, "an interest in land." The written instrument creating the easement, in turn, defines the scope and extent of the interest in land. The deed or other written instrument describes the "specific width, length and location" of the easement in relation to the servient tenement. 7 David A. Thomas, *Thompson on Real Property* § 60.04(c)(1)(i) (2d ed.2006); *see also Highway 7 Embers, Inc. v. Nw. Nat'l Bank*, 256 N.W.2d 271, 275 (Minn.1977) ("When an easement is by express grant, its extent depends entirely upon the construction of the terms of the grant."). An easement, as opposed to a portion of an easement, is the entirety of the interest described by the written instrument creating the easement. The phrases "an easement" and "the easement" in section 117.225, therefore, refer to an entire easement, not a portion thereof, and thus the only remedy available to a fee owner is the discharge of an easement in its entirety.

■ Nonetheless, Larson argues that we should liberally construe section 117.225 to encompass a remedy for misuse of a portion of an easement because section 117.225 is a remedial statute and affords relief for a prior condemnation of property, a procedure that is in derogation of the common law. Larson's argument fails for two reasons. First, a rule of liberal construction does not apply where, as here, a statute is unambiguous on its face. *La Bere v. Palmer*, 232 Minn. 203, 205, 44 N.W.2d 827, 829 (1950); *see also* Minn.Stat. § 645.16 (2008). Second, rules of strict and liberal construction are inapplicable when the State obtains property through condemnation in its sovereign capacity. *See Burnquist*, 220 Minn. at 59, 19 N.W.2d at 400 (declining to apply a rule of strict construction to a statute regulating the State's power to obtain property by condemnation because the State was acting in its sovereign capacity).[2] In this case, it is undisputed that the State obtained its easement on Parcel 11 and continues to hold it in its sovereign capacity. For these reasons, there is no basis on which to interpret section 117.225 other than in accordance with its plain meaning.

■ Having held that section 117.225 does not allow for the discharge of a portion of an easement, we turn to the facts of this case to determine whether Larson is entitled to the relief he requested under

---

**2.** We have suggested that the analysis may differ when it is the State exercising its condemnation powers in a sovereign capacity rather than a municipality, individual, or corporation. *See Coop. Power Ass'n v. Aasand*, 288 N.W.2d 697, 700 (Minn.1980) (stating that the State alone holds the power of eminent domain as an attribute of sovereignty); *Burnquist*, 220 Minn. at 59, 19 N.W.2d at 400 (distinguishing the State's power of eminent domain from the delegation of that power to private individuals and corporations). The scope of those differences, if any, is not at issue here.

section 117.225. It is undisputed that the written instrument creating the easement—the Final Certificate—created one, contiguous easement for the State. The Final Certificate describes the location of the easement on the servient tenement, the purposes for which the land was taken, and the authorized uses of the land. The State has not conveyed any part of the easement, even to Douglas County. Each of the successive permits granted by the State to the County clearly states: "This permit does not grant any interest whatsoever in land...." Thus, the State still holds one undivided easement across Parcel 11, for which the Final Certificate delineates the scope and extent of the State's interest. Moreover, the State currently and primarily uses its easement for highway purposes authorized by the Final Certificate and Minnesota law, including the operation of the traveled lanes of TH 29, a scenic overlook, a drainage system, and a rest area apart from the beach. *See* Minn. Stat. §§ 161.20, 86A.05, subd. 12 (2008). Because Larson concedes that the State is using the majority of its interest in Parcel 11 for highway purposes, which is the purpose "for which [the easement] was acquired," there is no basis on which to discharge the State's easement under section 117.225.

Finally, Larson argues that the phrase "upon such terms as are just and equitable" in the final clause of Minn. Stat. § 117.225 modifies the entire statutory provision and expressly invokes the equitable powers of the courts to fashion an appropriate remedy for fee owners. Larson's reading, however, ignores the grammatical rule of the last antecedent, which instructs that a limiting phrase ("upon such terms as are just and equitable") ordinarily modifies only the noun or phrase that it immediately follows ("an order discharging the easement"). *See*

*Woodhall v. State,* 738 N.W.2d 357, 361–62 (Minn.2007) (citing *Barnhart v. Thomas,* 540 U.S. 20, 26, 124 S.Ct. 376, 157 L.Ed.2d 333 (2003)). Therefore, the "just and equitable" language applies to the *terms* of an order discharging the easement, not to the scope of the district court's *power* to order a discharge. Accordingly, the invocation of the court's equitable powers in section 117.225 does not expand the conditions for ordering a discharge under the triggering clause.

### B.

Our interpretation of the plain language of Minn.Stat. § 117.225 finds further support in the language of Minn.Stat. § 161.43 (2008), which permits the Commissioner of Transportation to relinquish and quitclaim to the fee owner an easement *or portion of an easement* owned but no longer needed by the Transportation Department for trunk highway purposes, upon payment to the Transportation Department of an amount of money equal to the appraised current market value of the easement. (Emphasis added.) In contrast to section 117.225, the foregoing statute expressly applies to either an easement or a portion of an easement, which demonstrates that the Legislature refers to a portion of an easement when it intends to regulate less than a full easement. In fact, both statutes serve the same purpose of extinguishing an easement that is no longer being used for the purposes for which it was acquired. *Compare* Minn.Stat. 161.43 (permitting the Commissioner of Transportation to relinquish and quitclaim to the fee owner an easement or portion of an easement owned but no longer needed by the Transportation Department), *with* Minn.Stat. 117.225 (allowing the discharge of an easement when it is not being used for the purposes for which it was acquired). Because the Legislature enacted section 161.43 prior to section 117.225 and

both regulate the same subject matter, it is reasonable to assume that the Legislature had "full knowledge of [its] prior legislation on the same subject" prior to enacting section 117.225. *See Meister v. W. Nat. Mut. Ins. Co.,* 479 N.W.2d 372, 378 (Minn.1992); *see also* Minn.Stat. 645.16 (2008) (permitting courts to look to other laws upon the same or similar subjects when interpreting a statute). Indeed, the phrase "portion of an easement" would be superfluous in section 161.43 if "an easement" necessarily includes a portion of an easement as Larson argues with respect to section 117.225. As a result, we refuse to interpret section 117.225 to include the phrase portion of an easement because that would be tantamount to read[ing] into a statute a provision that the legislature has omitted, either purposely or inadvertently. *Reiter v. Kiffmeyer,* 721 N.W.2d 908, 911 (Minn.2006).

### III.

For the foregoing reasons, we hold that Minn.Stat. § 117.225 (2008) does not authorize the discharge of a portion of an easement, and thus affirm the decision of the court of appeals.[3]

Affirmed.

---

**3.** Because of the foregoing interpretation of section 117.225, it is unnecessary to address the State's argument that the 2005 quiet title action is preclusive of the present action under the doctrines of res judicata and collateral estoppel.