*715 OPINION
WRIGHT, Justice.
This negligence dispute presents two questions of statutory interpretation. We first consider whether the reallocation-of-damages provision in Minn.Stat. § 604.02, subd. 2 (2012), applies to parties who are severally liable pursuant to Minn.Stat. § 604.02, subd. 1 (2012). If the reallocation provision applies to severally liable parties, the second question is whether damages must be reduced to a judgment to be subject to reallocation under Minn. Stat. § 604.02, subd. 2. For the reasons addressed below, we hold that a party who is severally liable under Minn.Stat. § 604.02, subd. 1, cannot be required to contribute more than that party’s equitable share of the total damages award through the reallocation-of-damages provision in Minn.Stat. § 604.02, subd. 2. We, therefore, reverse and remand to the district court for entry of judgment consistent with this opinion.
I.
Respondent Alice Staab was injured at Holy Cross Parish School when her husband Richard Staab pushed her wheelchair through an open doorway and over an unmarked five-inch drop-off. Staab v. Diocese of St. Cloud (Staab I), 813 N.W.2d 68, 71 (Minn.2012). Staab sued appellant Diocese of St. Cloud, which owns and operates Holy Cross Parish School, alleging that the Diocese failed to protect her from an unreasonable risk of harm created by the five-inch drop-off. Id. Richard Staab was not named as a party in the lawsuit. Id. At the close of the trial, the jury awarded compensatory damages of $224,200.70, attributing 50 percent of the negligence that caused Staab’s injuries to the Diocese and 50 percent to Richard Staab. Id. Concluding that Minn.Stat. § 604.02, subd. 1, which limits liability for a severally liable person, does not apply when only one defendant is named in a lawsuit, the district court entered judgment for $224,200.70 against the Diocese. Id. at 72. In Staab I, we held that Minn. Stat. § 604.02, subd. 1, “applies when a jury apportions fault between a sole defendant and a nonparty tortfeasor, and limits the amount collectible from the defendant to its percentage share of the fault assigned to it by the jury.” 813 N.W.2d at 80.
On remand, citing Minn.Stat. § 604.02, subd. 2, Staab sought reallocation of Richard Staab’s equitable share of the damages award to the Diocese. The district court concluded that an uncollectible share of damages attributable to a nonparty tort-feasor can be reallocated under Minn.Stat. § 604.02, subd. 2. After determining that Richard Staab’s equitable share is uncol-lectible, the district court entered judgment against the Diocese for the entire damages award.[1]
The court of appeals affirmed the reallocation. Staab v. Diocese of St. Cloud (Staab II), 830 N.W.2d 40, 47 (Minn.App. 2013). The court of appeals concluded that Minn.Stat. § 604.02, subd. 2, applies to the Diocese because the Legislature did not expressly limit the application of subdivision 2 to jointly and severally liable parties. Staab II, 830 N.W.2d at 43-44. In support of its conclusion, the court of appeals reasoned that, for purposes of Minn. Stat. § 604.02, a “party” includes all parties to the tort, and liability arises at the time of the injury. Staab II, 830 N.W.2d at 44. As a result, the damages attributable to Richard Staab are a party’s “equi *716 table share of the obligation [that] is uncol-lectible.” Id. at 46.
We granted the Diocese’s petition for review.
II.
We first address whether Minn. Stat. § 604.02, subd. 2, can be applied to require a severally liable party to pay an uncollectible portion of another tortfeasor’s damages. Both subdivision 1 and subdivision 2 of section 604.02 are relevant to our resolution of this issue. Subdivision 1 provides:
When two or more persons are severally liable, contributions to awards shall be in proportion to the percentage of fault attributable to each, except that the following persons are jointly and severally liable for the whole award:
(1) a person whose fault is greater than 50 percent;
(2) two or more persons who act in a common scheme or plan that results in injury;
(3) a person who commits an intentional tort; or
(4) a person whose liability arises under [one of several environmental or public health laws].[2]
Minn.Stat. § 604.02, subd. 1. Subdivision 2, in turn, provides:
Upon motion made not later than one year after judgment is entered, the court shall determine whether all or part of a party’s equitable share of the obligation is uncollectible from that party and shall reallocate any uncollectible amount among the other parties, including a claimant at fault, according to their respective percentages of fault. A party whose liability is reallocated is nonetheless subject to contribution and to any continuing liability to the claimant on the judgment.
Minn.Stat. § 604.02, subd. 2.
The Diocese argues that the district court erred by reallocating Richard Staab’s equitable share of damages to the Diocese under subdivision 2 because applying subdivision 2 to parties who are severally hable under subdivision 1 is contrary to the definition of several liability and eviscerates our holding in Staab I. Staab counters that reallocation was proper because nothing in subdivision 2 limits its application to parties who are jointly and severally liable under subdivision 1.
Whether the district court properly reallocated Richard Staab’s equitable share of damages to the Diocese under Minn.Stat. § 604.02, subd. 2, is a question of statutory interpretation. Statutory interpretation presents a question of law, which we review de novo. White v. City of Elk River, 840 N.W.2d 43, 52 (Minn.2013). The goal of statutory interpretation is to effectuate the intent of the Legislature. Brayton v. Pawlenty, 781 N.W.2d 357, 363 (Minn.2010); accord Minn.Stat. § 645.16 (2012). If the Legislature’s intent is clear *717 from the unambiguous language of the statute, we apply the statute according to its plain meaning. State v. Rick, 835 N.W.2d 478, 482 (Minn.2018), Judicial construction of a statute becomes part of the statute as though it were written therein. Caldas v. Affordable Granite & Stone, Inc., 820 N.W.2d 826, 836 (Minn. 2012). But if a statute is süsceptible to more than one reasonable interpretation, the statute is ambiguous, and we will consider other factors to ascertain the Legislature’s intent. Lietz v. N. States Power Co., 718 N.W.2d 865, 870 (Minn.2006).
A.
We first consider whether Minn. Stat. § 604.02, subd. 2, is ambiguous as to its application to severally liable parties. Subdivision 2 requires the district court to “determine whether ajl or part of a party’s equitable share of the obligation is uncol-lectible from that party” and to “reallocate any uncollectible amopht ataorig the other parties, including a claimant at fault, according to their respective percentages of fault.” The term “party” in subdivision 2 “means all persons who are parties to the tort, regardless of whether they are named in the lawsuit.” Staab I, 813 N.W.2d at 76; accord Hosley v. Armstrong Cork Co., 383 N.W.2d 289, 293 (Minn.1986). A tort-feasor’s liability “arises and exists independently of the tortfeasor’s participation in a lawsuit and, therefore, is independent of the tortfeasor’s obligation to contribute to any judgment entered in such a lawsuit.” Staab I, 813 N.W.2d at 76.
One reasonable interpretation of subdivision 2, which is advanced by Staab, is that severally liable parties are subject to reallocation. The text of subdivision 2 indicates that any party is subject to reallocation. Because the term “party” includes all parties to the tort, it is reasonable to interpret the phrase “a party’s equitable share of the obligation” as referring to the amount of damages attributable to another person’s negligence, even if that person is not a party to the lawsuit. The language of subdivision 2 also is mandatory — once the district court has determined that some portion of the damages attributable to a party to the tort is uncollectible, the district court “shall reallocate any un-collectible amount among the other parties, including a claimant at fault, according to their respective percentages of fault.” Minn.Stat. § 604.02, subd. 2 (emphasis added). The Legislature could have provided an express exception to subdivision 2 for parties who are severally liable under subdivision 1, but it did not to do so.[3]
Another reasonable interpretation of subdivision 2, which is advanced by the Diocese, is that damages cannot be reallocated to parties who are only severally liable under subdivision 1. Subdivision 2 *718 must be read in conjunction with subdivision 1. See A.A.A. v. Minn. Dep’t of Human Servs., 832 N.W.2d 816, 819 (Minn. 2013) (explaining that this court examines the language of the statute as a whole when interpreting a statute); accord Minn. Stat. § 645.16. As we observed previously, subdivision 1 provides that “[wjhen two or more persons are severally liable, contributions to awards shall be in proportion to the percentage of fault attributable to each, except that” parties in four specific categories “are jointly and severally liable for the whole award.” Minn.Stat. § 604.02, subd. 1. Subdivision 1, like subdivision 2, uses mandatory language, stating that the contributions of a severally liable party “shall be in proportion to the percentage of fault attributable to each.” Id. (emphasis added).
In Staab I, we concluded that the effect of subdivision 1 is to limit the “magnitude of a severally liable person’s contribution to an amount that is in proportion to his or her percentage of fault, as determined by the jury.” 813 N.W.2d at 75. A severally liable party “is responsible for only his or her equitable share” of a damages award, even if the plaintiff chooses to sue fewer than all tortfeasors who caused the harm. Id. Reallocation of another party’s share of damages to a severally liable party would necessarily require the severally liable party to contribute to the award in excess of the severally liable party’s equitable share of the damages — a circumstance that is contrary to the plain meaning of subdivision 1 and several liability. Because subdivision 2 is subject to more than one reasonable interpretation, we conclude it is ambiguous regarding whether it applies to severally liable parties.
B.
Having concluded that Minn. Stat. § 604.02, subd. 2, is ambiguous, we next consider sources in addition to the plain text to ascertain the Legislature’s intent. See Rick, 835 N.W.2d at 485. “When a statutory provision is ambiguous, it is appropriate to turn to the canons of statutory construction to ascertain a statute’s meaning.” State v. Leathers, 799 N.W.2d 606, 611 (Minn.2011). To determine legislative intent, we also may “consider the legislative history of the act under consideration, the subject matter as a whole, the purpose of the legislation, and objects intended to be secured thereby.” Sevcik v. Comm’r of Taxation, 257 Minn. 92, 103, 100 N.W.2d 678, 686-87 (1959); see also Minn.Stat. § 645.16(l)-(8) (2012).
Our canons of statutory construction support the conclusion that section 604.02, subdivision 2, does not authorize reallocation of another party’s equitable share of damages to a party who is only severally liable under section 604.02, subdivision 1. Interpreting subdivision 2 to permit reallocation of an un-collectible share to a severally liable defendant would violate the principle that a statute must be construed in a manner that gives effect to each of its provisions. See Am. Family Ins. Grp. v. Schroedl, 616 N.W.2d 273, 277 (Minn. 2000); accord Minn.Stat. § 645.17(2) (2012). The clause in subdivision 1 that reads “contributions to awards shall be in proportion to the percentage of fault attributable to each” would be rendered “ineffective ... if a severally liable person were compelled to contribute out of proportion to his or her percentage of fault.” Staab I, 813 N.W.2d at 76.
Permitting reallocation to a severally liable party under subdivision 2 also would be inconsistent with the canon of statutory construction “expressio unius est exclusio alterius” — the expression of one thing is the exclusion of another. See In re Welfare of J.B., 782 N.W.2d 535, 543 (Minn. 2010); accord Minn.Stat. § 645.19 (2012). The current text of subdivision 1 was enacted in 2003. Act of May 19, 2003, ch. 71, *719 § 1, 2008 Minn. Laws 386, 386 (codified at Minn.Stat. § 604.02, subd. 1 (2012)). By adopting this amendment, the Legislature “inten[ded] to limit joint and several liability to the four circumstances enumerated in the exception clause, and to apply the rule of several liability in all other circumstances.” Staab I, 813 N.W.2d at 78. The fact that one liable party is insolvent or cannot be collected from for other reasons is not one of the four exceptions in subdivision 1 to which joint and several liability still applies. Yet that would be the practical effect of permitting reallocation to severally liable parties under subdivision 2. The Legislature’s expression of a general rule of several liability subject to four exceptions in subdivision 1 precludes an interpretation of subdivision 2 that would effectively create a fifth exception to the several liability rule.
Our conclusion that a defendant who is severally liable under subdivision 1 is not required to pay more than the defendant’s equitable share of the damages under the reallocation provision of subdivision 2 finds additional support in the legislative history of section 604.02. Under Minnesota common law, parties whose concurrent negligence caused injury were jointly and severally liable for the resulting damages. See Maday v. Yellow Taxi Co. of Minneapolis, 311 N.W.2d 849, 850 (Minn.1981). This legal standard prevailed until the Legislature began to place limitations on the rule. Id.; see also Michael K. Steen-son, Joint and Several Liability Minnesota Style, 15 Wm. Mitchell L.Rev. 969, 970-72 (1989). The Legislature’s history of enacting and amending Minn.Stat. § 604.02 indicates its intent to limit the application of joint and several liability.
In 1969, the Legislature codified a comparative negligence scheme that did not abolish joint and several liability. Act of May 23, 1969, ch. 624, § 1, 1969 Minn. Laws 1069, 1069 (codified as amended at MinmStat. § 604.01, subd. 1 (2012)). In 1978, the Legislature enacted MinmStat. § 604.02. Act of Apr. 5, 1978, ch. 738, § 8, 1978 Minn. Laws 836, 840 (codified as amended at MinmStat. § 604.02 (2012)). When it did so, it moved the statutory language regarding joint and several liability into subdivision 1 of section 604.02, which at the time read, “When two or more persons are jointly liable, contributions to awards shall be in proportion to the percentage of fault attributable to each, except that each is jointly and severally liable for the whole award.” Minn. Stat. § 604.02, subd. 1 (1978). At the same time, the Legislature enacted the reallocation-of-damages provision in subdivision 2, which remains unchanged today. Act of Apr. 5, 1978, ch. 738, § 8, 1978 Minn. Laws 836, 840 (codified at Minn. Stat. § 604.02, subd. 2 (2012)).
Thus, when subdivision 2 was enacted, it was a mechanism to limit the amount of damages that a jointly liable defendant could be required to pay. “Specifically, after the 1978 amendments to chapter 604, parties against whom judgment had been entered no longer were jointly and severally liable for the entire judgment if another party’s share of the judgment proved to be uncollectible.” Staab I, 813 N.W.2d at 77. Instead, a jointly liable defendant could petition the district court to reallocate an uncollectible portion of damages among all potentially liable parties, including the plaintiff.[4] Steenson, Joint and Several Liability Minnesota Style, supra, at 976.
*720 While subdivision 2 remains unchanged since its original enactment, subdivision 1 has been amended several times to place further limitations on joint and several liability. The 1986 amendment capped liability for jointly and severally liable states and municipalities that were less than 85 percent at fault. See Act of Mar. 25, 1986, ch. 455, § 85, 1986 Minn. Laws 840, 882 (codified as amended at Minn.Stat. § 604.02, subd. 1 (2012)). The 1988 amendment, in part, capped damages for jointly and severally persons whose fault was 15 percent or less, except for those who were found liable under certain environmental statutes. See Act of Apr. 12, 1988, ch. 508, § 3, 1988 Minn. Laws 375, 378 (codified as amended at Minn.Stat. § 604.02, subd. 1 (2012)). Minnesota Statutes § 604.02 remained substantially unchanged for fifteen years until the Legislature amended subdivision 1 again in 2003. See Act of May 19, 2003, ch. 71, § 1, 2003 Minn. Laws 386, 386 (codified at Minn. Stat. § 604.02, subd. 1 (2012)). The 2003 amendments are significant here because they made several liability, as opposed to joint and several liability, the general rule, subject to four exceptions.[5] Id. With each amendment of the statute over the course of 25 years, the Legislature further curtailed joint and several liability in Minnesota.
Finally, the Legislature’s formal discussions of the 2003 amendment demonstrate an intent consistent with our construction of the statute. For example, during both the House and Senate floor debates of the proposed changes to joint and several liability, legislators urged their colleagues to vote in favor of the bill by emphasizing the importance of making Minnesota’s tort system fair by requiring people and companies to pay for the harm they cause but not for harm caused by others. See, e.g., Sen. Debate on S.F. 872, 83d Minn. Leg., May 13, 2003 (video tape) (statement of Sen. Linda Scheid, author of S.F. 872); House Debate on S.F. 872, 83d Minn. Leg., May 13, 2003 (video tape) (statement of Rep. Jeff Johnson). These arguments were countered by a dissenting representative who urged his colleagues to vote against the proposed changes to joint and several liability because the proposed changes would create instances in which victims would not receive full compensation for their injuries. House Debate on S.F. 872, 83d Minn. Leg., May 13, 2003 (video tape) (statement of Rep. Len Francis Biernat). Despite these warnings on the House floor about the consequences for injured victims, the bill passed. See, e.g., id. Allowing uncollectible damages attributable to the fault of one party to be *721 reallocated to a severally liable party would be contrary to the clear purpose of the 2003 amendment — requiring severally liable parties in the Minnesota tort system to pay only for the harto caused by their own conduct and not for the harm caused by others.
Our canons of statutory construction, the legislative history, arid the purpose of Minn.Stat. § 604.02 support our analysis and preclude the application of the reallocation-of-damages provisiori to severalty liable parties. We, therefore, conclude that under Minn.Stat. § 604.02, subd. 2, an un-collectible portion of a party’s equitable share of damages cannot be reallocated to a party that is only severally liable under Minn.Stat. § 604.02, subd. 1.
III.
The dissent’s criticism of our analysis is flawed for two reasons, which we address in turn. First, the dissent contends that our decision conflicts with lorig-sj;anding case law on how we interpret amendments to a subdivision of a statute. The dissent is misguided. The standards for statutory construction that we employ are well grounded in our case law. We respectfully decline the dissent’s invitatiori to discard or ignore them.
The dissent claims that because the Legislature amended only subdivision 1 in 2003, this significant statutory change that made several liability the genera] rule in Minnesota has no impact on the reallocation provisions in subdivision 2 without “words showing an intent to amend” sribdi-vision 2. But the dissent errs by reading the cases it cites too broadly. For example, the dissent cites Sorseleil v. Red Lake Falls Milling Co., Ill Minn. 275, 276, 126 N.W. 903, 904 (1910), which involved the interpretation of a statute deflnihg when a juror could be challenged fob implied bias. In Sorseleil, we explained that two subdivisions of the statute, each deflnihg a ground for finding implied bias, were “complete in [them]sel[vesj,” “sustain[ed] no relation” to the other, and were “in no manner interdependent.” Id. at 278, 126 N.W. at 904. Under those circumstances — which are not present here — we held that “the amendment of the one does not amend the other, in the absence of any words in the amendment to that effect.” Id. at 278, 126 N.W. at 904. Here, unlike the statute at issue in Sorseleil, the subdivisions of section 604.02 ate not complete in themselves. They have a relationship with each other.
Second, the dissent contends that because the Legislature did not expressly limit the application of subdivision 2 to jointly and severally liable parties, our interpretation of section 604.02 violates our rule against adding to a statute words that were intentionally or inadvertently omitted by the Legislature. But the application of that rule is inapposite where, as here, the language of the statute is ambiguous. Rather, our prohibition against adding words to a statute applies when an unambiguous statute is silent on the issue in question. See State v. Moseng, 254 Minn. 263, 269, 95 N.W.2d 6, 11-12 (1959) (“Where failure of expression rather than ambiguity of expression concerning the elements of the statutory standard is the vice of the enactment, courts are not free to substitute amendment for construction and thereby supply the omissions of the legislature.”). Here, the conflict between subdivision 1 and subdivision 2 does not arise because subdivision 2 is silent regarding its application to severally liable parties. Rather, the conflict between subdivision 1 and subdivision 2 arises because the application of subdivision 2 to severally liable parties would completely eviscerate the Legislature’s amendment to subdivision 1.
Our task here is to effectuate the intent of the Legislature. The dissent apparently disagrees with the Legislature’s decision *722 to curtail joint and several liability in Minnesota. But the Legislature — not the courts — remains the appropriate venue to revisit this genuine policy debate.
IV.
For the foregoing reasons, we hold that a party who is severally liable under Minn.Stat. § 604.02, subd. 1, cannot be ordered to contribute more than that party’s equitable share of the total damages award under the reallocation-of-damages provision in Minn.Stat. § 604.02, subd. 2.[6] The district court erred by reallocating to the Diocese the share of damages attributed to Staab’s husband. We, therefore, reverse the court of appeals and remand to the district court for entry of judgment consistent with this opinion. Reversed and remanded.

. The district court subsequently amended the judgment to reflect the damages that the Diocese had already paid to Staab.

. The concepts of several liability and joint and several liability are relevant when the concurrent conduct of multiple tortfeasors produces a single, indivisible injury. See Staab I, 813 N.W.2d at 74. As used in Minn. Stat. § 604.02, subd. 1, a person who is "severally liable” has "liability that is separate and distinct from another’s liability, so that the plaintiff may bring a separate action against one defendant without joining the other liable parties.” Staab I, 813 N.W.2d at 74-75 (citation omitted). "[A] ‘severally liable’ defendant is responsible for only his or her equitable share of the [damages] award.” Id. at 74. As used in Minn.Stat. § 604.02, subd. 1, a person who is "jointly and severally liable” also has liability that is separate and distinct from another’s liability, so that the plaintiff may bring an action against one defendant without joining the other liable parties. Staab I, 813 N.W.2d at 74-75. But unlike a severally liable defendant, "a jointly and severally liable’ defendant is responsible for the entire [damages] award.” Id. at 74.

. The dissent contends that our analysis should end here because this straightforward reading of subdivision 2 is reasoiiable. But "[t]he first step in statutory interpretation is to 'determine whether the statute's language, on its face, is ambiguous.' ” 500, LLC v. City of Minneapolis, 837 N.W.2d 287, 290 (Minn. 2013) (quoting Larson v. State, 790 N.W.2d 700, 703 (Minn.2010)). Therefore, we do not stop merely because we cap identify one reasonable interpretation. Rather, we must consider whether there are other reasonable interpretations to which the statute is susceptible. See id. (stating that a statute is aipbig-uous if it “is susceptible to more than one reasonable interpretation").
The dissent’s view that the reallocation provision in subdivision 2 should apply to a severally liable defendant also ignores our principle that, when we construe a statute, we read the statute as a whole and give effect to all statutory provisions. City of Saint Paul v. Eldredge, 800 N.W.2d 643, 648 (Minn.2011). As addressed below, reading subdivision 2 in the manner proposed by Staab and the dissent would render the Legislature’s most recent amendments to subdivision 1 ineffective.

. An example illustrates how the 1978 enactment of subdivision 2 limited the amount of damages a jointly liable defendant could be required to pay. Suppose that in a lawsuit against two defendants, a jury found that the plaintiff had $10,000 in damages and apportioned 10 percent of the fault to Plaintiff, 10 percent to Defendant A, and 80 percent to Defendant B. If Defendant B could not pay its share of the judgment, unmodified joint and several liability rules would have required De *720 fendant A to pay 90 percent of the plaintiff's damages, or $9,000. Steenson, Joint and Several Liability Minnesota Style, supra, at 976-77. Under subdivision 2, however, a district court must reallocate the uncollectible amount ($8,000) between Defendant A and Plaintiff according to their respective percentages of fault. Because Defendant A and Plaintiff were equally at fault, the uncollectible amount would be reallocated in equal shares, resulting in Defendant A paying only $5,000 (10 percent of the plaintiff’s damages for Defendant A’s fault plus 50 percent of the uncollectible amount). Id.

. By enacting the 2003 amendment to subdivision 1, the Legislature clearly intended to abrogate the common law rule of joint and several liability for tortfeasors whose concurrent negligence causes an indivisible injury to a plaintiff. See Staab I, 813 N.W.2d at 78. (”[W]e conclude that the 2003 amendments to the statute clearly indicate the Legislature's intent to limit joint and several liability to the four circumstances enumerated in the exception clause, and to apply the rule of several liability in all other circumstances.”). Contrary to the dissent’s claims, our conclusion in this case is neither contrary to our case law regarding the interpretation of statutes in derogation of the common law, nor is it inconsistent with our holding in Staab I.

. Because we conclude that damages cannot be reallocated to a severally liable party under Minn.Stat. § 604.02, subd. 2, we need not consider the second issue raised by the Diocese — whether damages must be reduced to a judgment before being reallocated under Minn.Stat. § 604.02, subd. 2. See State v. Castillo-Alvarez, 836 N.W.2d 527, 534 n. 3 (Minn. 2013).