*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0359**

State of Minnesota,
Respondent,

vs.

Ryan Matthew Drown,
Appellant.

**Filed March 23, 2015
Reversed and remanded
Minge, Judge**[*]

Blue Earth County District Court
File No. 07-CR-12-2858

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Ross Arneson, Blue Earth County Attorney, Mankato, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jenna Yauch-Erickson, Assistant State Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Hudson, Presiding Judge; Bjorkman, Judge; and Minge, Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**MINGE**, Judge

Appellant Ryan Drown challenges his conviction of second- and third-degree possession of methamphetamine, arguing that the evidence presented at trial was insufficient to convict him and that conviction on two counts violates Minnesota law. The state has not made an appearance in this appellate proceeding. Because the amount of fluid in appellant's water pipe was less than four fluid ounces and by law is excluded from the size of the methamphetamine mixture, appellant's possession did not meet the threshold requirements for violating the laws under which he was convicted, we reverse both convictions, and we remand to vacate the convictions.

## FACTS

On May 25, 2012, the Minnesota River Valley Drug Task Force searched a bedroom they believed belonged to appellant and seized several items including two water bongs. A field test of the water indicated the presence of methamphetamine in both bongs. Appellant was charged by an amended complaint with second- and third-degree possession of a controlled substance in violation of Minn. Stat. § 152.022, subd. 2(a)(1) (2012), and Minn. Stat. § 152.023, subd. 2(a)(1) (2012).

The seized materials were sent to the Bureau of Criminal Apprehension (BCA) for further testing. The BCA test results revealed that one bong did not contain any controlled substance, but that the contents of the other bong weighed 11.1 grams with 11 mL (0.372 oz.) of water and had trace amounts of methamphetamine. At trial, a BCA forensic scientist testified to the trace of methamphetamine in the second bong and the

2

weight and quantity of water. The confirming BCA test report was entered into evidence at trial.

The state argued that the 11 mL of bong water constituted 11.1 grams of methamphetamine mixture and urged the jury to find appellant guilty of both offenses. The jury was instructed on both charges consistent with the state's arguments regarding the quantities necessary for a conviction. Appellant did not object to the instructions. After deliberating, the jury returned guilty verdicts for both second- and third-degree possession. The district court entered judgment of convictions on both counts and imposed a guideline sentence of 78 months for second-degree possession of methamphetamine. This appeal followed. The state has not made an appearance.

## D E C I S I O N

The first issue is whether the record supports a finding that appellant possessed a mixture of methamphetamine sufficient to support either of his two convictions. Appellant argues that with second- and third-degree offenses involving smaller quantities of methamphetamine, water is not to be considered part of the controlled substance mixture unless there are at least four fluid ounces. An issue of whether the clear evidence meets the statutory definition of an offense presents a question of statutory interpretation that we review de novo. *See State v. Hayes*, 826 N.W.2d 799, 803 (Minn. 2013). "When interpreting a statute, we give words and phrases their plain and ordinary meaning." *Id.* at 803 (quotation omitted). "If a statute is unambiguous, then we must apply the statute's plain meaning." *Larson v. State*, 790 N.W.2d 700, 703 (Minn. 2010).

Offenses of second- and third-degree possession of a controlled substance are established by Minn. Stat. § 152.022, subd. 2(a)(1)–(6) (2012), and Minn. Stat. § 152.023, subd. 2(a)(1)–(6) (2012). A defendant is guilty of second-degree possession of a controlled substance if that person "unlawfully possesses one or more mixtures of a total weight of six grams or more containing . . . methamphetamine." Minn. Stat. § 152.022, subd. 2(a)(1). A defendant is guilty of third-degree possession of a controlled substance if "on one or more occasions within a 90-day period . . . [a] person unlawfully possesses one or more mixtures of a total weight of three grams or more containing . . . methamphetamine." Minn. Stat. § 152.023, subd. 2(a)(1). A "mixture" is defined as "a preparation, compound, mixture, or substance containing a controlled substance, regardless of purity." Minn. Stat. § 152.01, subd. 9a (2012).

In 2009, the supreme court determined that bong water is included in calculating the amount of a methamphetamine mixture. *State v. Peck*, 773 N.W.2d 768, 773 (Minn. 2009). In 2011, the legislature amended the definition of mixture in the controlled substance statutes to exclude the weight of the fluid in a water pipe[1] in computing the weight of a mixture unless "the mixture contains four or more fluid ounces of fluid." Act of May 24, 2011, ch. 53, §§ 6-8, 2011 Minn. Laws 202, 206-07 (codified at Minn. Stat. §§ 152.021, subd. 2(b), 152.022, subd. 2(b), 152.023, subd. 2(b)). The legislature also

---

[1] In previous cases, our courts have used the term "bong water" to describe the liquid in a water pipe. *See Peck*, 773 N.W.2d at 773. The statutes use the term "water pipe." Because the dictionary definition of a bong includes the term "water pipe," *The American Heritage College Dictionary* 215 (3d ed. 1999) (defining a bong as a water pipe filled with liquid used often in smoking narcotics), we use the two terms interchangeably.

added a cross-reference to these new subdivisions in the definition of "mixture" as set out in section 152.01, subdivision 9a. Act of May 24, 2011, ch. 53, § 1, 2011 Minn. Laws 202, 203 (codified at Minn. Stat. § 152.01, subd. 9a). These new subdivisions became effective May 25, 2011. By limiting the inclusion of water as part of the controlled-substance mixture to cases involving more than four fluid ounces, this legislation partially overruled *Peck*.

Here, it is clear that the evidence presented by the state to support the charges rested solely on the weight (11.1 grams) and the volume (11 mL) (0.372 oz.) of fluid in appellant's water pipe that tested positive for methamphetamine. Under the statute in effect at the time of the offense, 0.372 oz. of water does not meet the threshold four-ounce requirement for inclusion in determining the weight of a mixture, and the bong-water rule from *Peck* does not apply. Because the evidence presented by the state was insufficient to convict appellant of either second- or third-degree possession of a controlled substance, we reverse both convictions and remand to vacate the convictions.

Appellant also argues that the district court erred by entering convictions for both second- and third-degree possession of a controlled substance. *See* Minn. Stat. § 609.04, subd. 1 (2012) ("Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included offense, but not both."). Although our ruling on the liquid-measurement issue is dispositive, we note that the third-degree-possession offense is included in the second-degree offense and that the district court erred when it entered convictions as to both second- and third-degree possession of a controlled substance.

**Reversed and remanded.**

5