**Anna M. NELSON, Personal Representative of Estate of Rick Paul Nelson a/k/a Richard Paul Dziubak, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent**

A16-1620

Court of Appeals of Minnesota.

Filed May 22, 2017

Bruce P. Grostephan, Peterson, Engberg & Peterson, Minneapolis, Minnesota (for appellant).

John J. Choi, Ramsey County Attorney, Jada N. Lewis, Assistant County Attorney, Robert B. Roche, Assistant County Attorney, St. Paul, Minnesota (for respondent).

Considered and decided by Worke, Presiding Judge; Ross, Judge; and Kirk, Judge.

## OPINION

WORKE, Judge

Appellant[1] challenges the district court's denial of her petition, arguing that, as the personal representative of Rick Paul Nelson's estate, she is entitled to pursue compensation under MIERA on behalf of the estate. The district court determined that appellant lacked standing because there was no pending order issued under Minn. Stat. § 590.11 or pending claim under MIERA at the time of Nelson's death. We affirm.

## FACTS

In February 1987, Rick Paul Nelson was charged by complaint with second-degree

---

1. For ease of reference, we refer to Anna M. Nelson as appellant.

murder and first-degree manslaughter.[2] Nelson pleaded guilty to one count of manslaughter and was sentenced to 81 months in prison.[3]

Nelson later filed a petition for postconviction relief asking to withdraw his guilty plea based on newly discovered evidence. The district court granted the petition and released Nelson from custody.

In 1989, Nelson was indicted on charges of second-degree murder, first-degree manslaughter, and third-degree assault. The indictment was based on the same facts and circumstances as the prior charges.[4] Later that year, a jury found Nelson not guilty on all counts.

Nelson died in February 2015. Appellant-petitioner Anna M. Nelson, Nelson's widow, was appointed the personal representative of Nelson's estate.

In June 2016, appellant filed a petition requesting an order declaring Nelson's estate eligible for compensation under MIERA. The state opposed the petition. After a hearing, the district court denied the petition. Without reaching the merits of the petition, the district court determined that appellant did not have standing to seek compensation on Nelson's behalf. This appeal followed.

## ISSUE

Did the district court err by determining that appellant, as Nelson's personal representative, lacked standing to petition for an order declaring Nelson's estate eligible for compensation under MIERA?

## ANALYSIS

MIERA provides compensation to persons who served time in prison for crimes they did not commit. *See generally* Minn. Stat. §§ 611.362-.368. Before submitting a claim for compensation under MIERA, a person must file a petition in the district court where the person was originally convicted. Minn. Stat. §§ 590.11, subd. 2, 611.362, subd. 1; *Back v. State*, 883 N.W.2d 614, 619 (Minn. App. 2016), *review granted* (Minn. Sept. 28, 2016). The district court must then determine whether the person was "exonerated" within the meaning of Minn. Stat. § 590.11, subd. 1. *Back*, 883 N.W.2d at 619. If the district court finds that the person was "exonerated" and the prosecutor does not join the petition and agree to compensation, then the person must establish his innocence by a preponderance of the evidence. Minn. Stat. §§ 590.11, subd. 3(b), .04, subd. 3 (2014); *Back*, 883 N.W.2d at 619. If the person meets these requirements and served time in prison for which he is entitled to compensation, the district court must issue an order finding the person eligible for compensation and notifying the person of "the right to file a claim for compensation" under MIERA. Minn. Stat. § 590.11, subd. 7; *Back*, 883 N.W.2d at 620.

The person may then file a claim with the Minnesota Supreme Court. Minn. Stat. § 611.362, subds. 1, 2; *Back*, 883 N.W.2d at 620. "The claim must include a copy of the order from the district court under section 590.11, subdivision 7." Minn. Stat. § 611.362, subd. 2. A compensation panel

---

2. At the time he was charged, Nelson's name was Richard Paul Dziubak. In 1995, he changed his name to Rick Paul Nelson. For ease of reference, we refer to him as Nelson.

3. The record is unclear whether he entered a guilty plea to first-degree manslaughter or a reduced charge of second-degree manslaughter.

4. It is unclear from the record whether the original charges were ever dismissed.

appointed by the supreme court considers the claim and calculates the appropriate amount of compensation. Minn. Stat. § 611.363, subd. 1; *Back*, 883 N.W.2d at 620. That amount is then submitted to the legislature "for consideration as an appropriation during the next session." Minn. Stat. § 611.367; *Back*, 883 N.W.2d at 620.

Appellant challenges the district court's determination that she does not have standing to petition for an order declaring Nelson's estate eligible for compensation. Appellant argues that Minn. Stat. § 611.365, subd. 7, entitles her to seek compensation on Nelson's behalf. The statute provides: "A pending order issued under section 590.11, subdivision 7, or claim under sections 611.362 to 611.368, survives the death of the petitioner or claimant and the personal representative of the person may be substituted as the claimant or bring a claim." Minn. Stat. § 611.365, subd. 7. The district court determined that there was no "pending order issued under section 590.11, subdivision 7" at the time of Nelson's death because the petition that requested the order was not filed until after Nelson died. *Id.* The district court also determined that because no order of eligibility had been issued at the time of Nelson's death, he did not have a pending "claim under sections 611.362 to 611.368." *Id.* Accordingly, under section 611.365, subd. 7, any potential claim for compensation died with Nelson, and his personal representative has no standing to petition for an order of eligibility.

This case turns on the district court's interpretation of section 611.365, subd. 7, and its conclusion that the statute does not provide appellant with standing to petition for an order of eligibility.

 Statutory standing determines whether a particular party "has a cause of action under the statute." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 97 n.2, 118 S.Ct. 1003, 1013 n.2, 140 L.Ed.2d 210 (1998); *see also Schiff v. Griffin*, 639 N.W.2d 56, 59 (Minn. App. 2002) ("The legislature may confer standing on parties who might not otherwise meet judicially imposed standards for establishing standing."). Questions of standing and statutory interpretation are legal issues subject to de novo review. *Krueger v. Zeman Constr. Co.*, 781 N.W.2d 858, 861 (Minn. 2010); *Schiff*, 639 N.W.2d at 59.

 The objective of statutory interpretation is to "effectuate the intent of the legislature." *State v. Riggs*, 865 N.W.2d 679, 682 (Minn. 2015) (quotation omitted). "When legislative intent is clear from the statute's plain and unambiguous language, [this court] interpret[s] the statute according to its plain meaning without resorting to other principles of statutory interpretation." *State ex rel. Duncan v. Roy*, 887 N.W.2d 271, 276 (Minn. 2016) (quotation omitted). In other words, if the plain meaning of the statute is clear and unambiguous, "the letter of the law shall not be disregarded under the pretext of pursuing the spirit." Minn. Stat. § 645.16 (2016). "If, however, a statute is reasonably susceptible to more than one interpretation, it is ambiguous and [this court] may resort to canons of construction or legislative history in order to determine the intent of the [l]egislature." *Figgins v. Wilcox*, 879 N.W.2d 653, 656 (Minn. 2016).

The plain language of Minn. Stat. § 611.365, subd. 7, allows a personal representative to pursue compensation on behalf of a deceased person in only two circumstances: (1) where an "order issued under section 590.11, subdivision 7," is "pending" at the time of the person's death or (2) where a "claim under sections 611.362 to

611.368" is "pending" at the time of the person's death.

■ The statute does not define "pending." "When there is no applicable statutory definition, [this court] often consult[s] dictionary definitions to discern a word's plain meaning." *Wayzata Nissan, LLC v. Nissan N. Am., Inc.*, 875 N.W.2d 279, 286 (Minn. 2016). Dictionary definitions of "pending" include: "[n]ot yet decided or settled; awaiting conclusion or confirmation" and "[i]mpending; imminent." *The American Heritage College Dictionary* 1010 (3d ed. 2000)

■ An order under section 590.11, subd. 7, may only be "issued" after the district court determines that the person is eligible for compensation. *Back*, 883 N.W.2d at 620. And the district court may only determine that a person is eligible for compensation *after* a petition seeking that determination is filed. Minn. Stat. § 590.11, subd. 2; *Back*, 883 N.W.2d at 619. Therefore, an "order issued under section 590.11, subdivision 7" cannot be "pending" before a petition seeking the order has been filed. Minn. Stat. § 611.365, subd. 7. Where no petition has been filed, no order has been "issued" and there is nothing to decide, settle, conclude, or confirm. Likewise, where no petition has been filed, nothing is impending or imminent. Because no petition had been filed at the time of Nelson's death, there was no "pending order issued under section 590.11, subdivision 7" that survived his death. *See id.*

■ Similarly, a person has no ability to bring a "claim under sections 611.362 to 611.368" until the person "receives an order under section 590.11 determining that the person is entitled to compensation based on exoneration." *Id.*; Minn. Stat. § 611.362, subd. 1; *Back*, 883 N.W.2d at

619. Accordingly, it is not possible for a claim to be pending when an order under section 590.11 has not been issued. Before the order is issued and the claim is filed, there is no claim to be decided, settled, concluded, or confirmed. Because no order had been issued at the time of Nelson's death, there was no "pending . . . claim under sections 611.362 to 611.368" that survived his death. *See* Minn. Stat. § 611.365, subd. 7.

Moreover, the statute provides that a pending order or pending claim "survives the death of the *petitioner* or *claimant* and the personal representative of the person may be substituted as the *claimant or bring a claim.*" *Id.* (emphasis added). The use of the words "petitioner" and "claimant" at the beginning of the quoted language indicates that a petition and/or claim must have been filed by the exonerated person for the right to compensation to survive the exonerated person's death. Also, by limiting the personal representative to substitution "as the claimant" or to "bring[ing] a claim," the statute further indicates that a personal representative is not permitted to file a petition. *Id.* As discussed above, a "claim" may only be brought after a petition has been filed and an order of eligibility has been issued. Minn. Stat. § 611.362, subds. 1, 2; *Back*, 883 N.W.2d at 619. Accordingly, where an exonerated person dies after obtaining an order of eligibility under section 590.11, the personal representative may "bring a claim" on behalf of the person. Minn. Stat. § 611.365, subd. 7. And, where an exonerated person dies after the order has been obtained and the claim has been filed, the personal representative "may be substituted as the claimant." *Id.* But under no circumstances does the statute give the personal representative the power to file a petition seeking an order of eligibility on behalf of a deceased person.

Additionally, section 590.11, subd. 2, provides: "A petition must be brought within two years, but no less than 60 days after *the petitioner is exonerated. Persons released from custody after being exonerated* before July 1, 2014, *must commence an action under this section* within two years of July 1, 2014." (Emphasis added.) This further indicates that the petition must be filed by the exonerated person, not his personal representative.

Under the plain and unambiguous language of Minn. Stat. § 590.11 and MIERA, appellant lacked standing to petition for an order declaring Nelson's estate eligible for compensation.

 Appellant argues that section 590.11 and MIERA are remedial and must be interpreted liberally to accomplish their purpose of providing compensation to exonerated persons and their families. *See Nordling v. Ford Motor Co.*, 231 Minn. 68, 76-77, 42 N.W.2d 576, 581-82 (1950) ("It is a general rule that a liberal construction is usually accorded statutes which are regarded by courts as humanitarian or which are grounded on a humane public policy."); *Mattson v. Flynn*, 216 Minn. 354, 361, 13 N.W.2d 11, 15 (1944) ("Pension and retirement acts are remedial in nature and as such entitled to a liberal construction to insure the beneficial purposes intended."). But liberal construction is not applicable where, as here, the statute is clear and unambiguous. *Larson v. State*, 790 N.W.2d 700, 704 (Minn. 2010); *Nordling*, 231 Minn. at 77, 42 N.W.2d at 582. Appellant also argues that if Minn. Stat. § 611.365, subd. 7, creates a disqualifying provision by prohibiting the personal representative from seeking compensation, it must be narrowly construed. *See Nordling*, 231 Minn. at 77, 42 N.W.2d at 582 (stating that disqualifying provisions in humanitarian statutes

should be narrowly construed). But, as with liberal construction, a rule of narrow construction does not give this court the ability to "put something into the statute which is not there." *Id.* Finally, appellant makes a legislative history argument. Again, absent ambiguity, this court does not "resort to legislative history to interpret a statute." *State v. Struzyk*, 869 N.W.2d 280, 288 n.5 (Minn. 2015) (quotation omitted).

 We note that absent an applicable survival provision in MIERA, the right of an exonerated person to compensation does not survive the person's death. Unless a defined exception exists, "[a] cause of action arising out of an injury to the person dies with the person of the party in whose favor it exists." Minn. Stat. § 573.01 (2016). "[I]njury to the person" is not defined in the statute. *Lipka v. Minn. Sch. Emps. Ass'n, Local 1980*, 537 N.W.2d 624, 629 (Minn. App. 1995), *aff'd* 550 N.W.2d 618 (Minn. 1996). "Whether a claim survives lies in the substance, not the form, of the cause of action." *Id.* (quotation omitted). The court must assess whether personal injury is the "primary and moving cause of the damages sought." *Id.* (quotation omitted). "Injuries that are personal to the decedent abate upon death, whereas injuries to the estate's property interests usually do not." *Nelson v. Holland*, 776 N.W.2d 446, 449 (Minn. App. 2009). "For example, claims for breach of contract, tortious interference with contract, unfair representation, and wrongful death survive a party's death; but claims for invasion of privacy, assault, pain, suffering, emotional distress, and violation of the Minnesota Human Rights Act do not." *Id.* at 450. Here, the damages sought stem from the personal injury of being wrongfully imprisoned. *See* Minn. Stat.

§ 611.365, subd. 2 (listing categories of damages to consider in calculating compensation). Accordingly, the cause of action is personal and does not survive the exonerated person's death, unless it falls within the narrow provisions of Minn. Stat. § 611.365, subd. 7.

## DECISION

The district court properly determined that any potential claim for compensation under MIERA did not survive Nelson's death and that his personal representative has no standing to petition for an order of eligibility for compensation on behalf of his estate. Accordingly, the district court did not abuse its discretion by denying the petition.

**Affirmed.**