*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1305**

LHB Properties, LLC,
Appellant,

vs.

E. Y., et al.,
Respondents.

**Filed May 4, 2015
Affirmed
Rodenberg, Judge**

Hennepin County District Court
File No. 27-CV-HC-14-582

Christopher T. Kalla, Donna E. Hanbery, Hanbery & Turner, P.A., Minneapolis, Minnesota (for appellant)

Mawerdi Hamid, Justin Perl, Mid-Minnesota Legal Aid, Minneapolis, Minnesota (for respondents)

Todd B. Liljenquist, Minnesota Multi Housing Association, Bloomington, Minnesota (for amicus)

Considered and decided by Chutich, Presiding Judge; Rodenberg, Judge; and Smith, Judge.

**U N P U B L I S H E D   O P I N I O N**

**RODENBERG**, Judge

In this landlord-tenant dispute, appellant LHB Properties, LLC, challenges the district court's award of attorney fees to respondents E.Y. and K.Y., under Minn. Stat.

§ 504B.172 (2014). Appellant argues that, because the parties' lease permits the landlord to recover "actual attorneys' fees," respondents could not recover statutory attorney fees because they did not pay their legal aid attorney. We affirm.

**FACTS**

Appellant, a landlord, brought an eviction action against respondents based on appellant's claim that respondents breached a written lease.[1] After a two-day trial, the district court dismissed the eviction action, finding that appellant failed to prove that respondents materially breached the lease. Respondents moved to recover attorney fees,[2] arguing that Minn. Stat. § 504B.172 entitled them to such fees under section E.24 of the lease. Appellant opposed the motion, arguing that respondents were entitled to recover attorney fees under Minn. Stat. § 504B.172 only to the extent that the lease specified that the landlord could recover attorney fees. Appellants further asserted that, because the lease permitted the landlord to recover "actual attorneys' fees," respondents could not recover under the statute because they did not themselves pay any attorney fees to their legal aid attorney.

After a hearing on the motion, the district court awarded respondents attorney fees of $3,717. The district court held that allowing a landlord to "circumvent Minn. Stat.

---

[1] The lease was a form lease prepared for use by landlords renting residential properties.

[2] Minn. R. Gen. Pract. 119.01 provides that:

> In any action . . . which an attorney seeks the award . . . of attorneys' fees in the amount of $1,000.00 for the action, or more, application for award . . . of fees shall be made by motion.

2

504B.172 by inserting the word 'actual'" into the lease would "undercut the plain intent of this statute" and "would lead the Court to an absurd result." This appeal followed.

## D E C I S I O N

Appellate courts review statutory construction de novo. *Hous. & Redev. Authority of Duluth v. Lee*, 852 N.W.2d 683, 690 (Minn. 2014). When the meaning of a statute is unambiguous, we interpret the statute's text according to its plain meaning. *State v. Peck*, 773 N.W.2d 768, 772 (Minn. 2009). However, when a statute is ambiguous we apply the canons of construction "to discern the legislature's intent." *In re Welfare of Children of J.B.*, 782 N.W.2d 535, 539 (Minn. 2010). Statutory language is ambiguous when it is subject to more than one reasonable interpretation. *Peck*, 773 N.W.2d at 772. "When analyzing the plain and ordinary meaning of words or phrases, we have considered dictionary definitions." *Id*. "When the words of a law in their application to an existing situation are clear and free from all ambiguity the letter of the law shall not be disregarded under the pretext of pursuing the spirit." Minn. Stat. § 645.16 (2014).

Minn. Stat. § 504B.172 provides that:

> If a residential lease specifies an action, circumstance, or an extent to which a landlord, directly, or through additional rent, may recover attorney fees in an action between the landlord and tenant, the tenant is entitled to attorney fees if the tenant prevails in the same type of action, under the same circumstances, and to the same extent as specified in the lease for the landlord.

The district court, without deciding whether Minn. Stat. § 504B.172 is ambiguous, concluded that construing the contract language as appellant suggests would lead to an

3

absurd result and undercut the "plain intent of [the] statute." But neither party argues that Minn. Stat. § 504B.172 is ambiguous. And we see no ambiguity. The statute plainly requires that we look to the language of the lease to determine whether, in a circumstance or action, a landlord can recover attorney fees from a tenant. Minn. Stat. § 504B.172. If so, then the statute entitles the tenant "to attorney fees . . . to the same extent as specified in the lease for the landlord." *Id.* The district court erred when it considered legislative intent in deciding whether respondents may recover attorney fees here. *See Staab v. Diocese of St. Cloud*, 853 N.W.2d 713, 716-17 (Minn. 2014) ("If the Legislature's intent is clear from the unambiguous language of the statute, we apply the statute according to its plain meaning"); *Christianson v. Henke*, 831 N.W.2d 532, 537 (Minn. 2013) ("When we conclude that a statute is unambiguous, our role is to enforce the language of the statute and not to explore the spirit or purpose of the law." (Quotation omitted)).

This lease contains three different provisions allowing appellant to recover attorney fees. The parties' disagreement concerns the extent to which the lease allows recovery of attorney fees by the landlord. This, correspondingly, leads to the parties' disagreement concerning whether the tenants may recover attorney fees under Minn. Stat. § 504B.172.

Paragraph E.24 of the lease provides: "If MANAGEMENT brings any legal action against RESIDENT, RESIDENT must pay MANAGEMENT'S actual attorneys' fees, or other legal fees and expenses including fees paid to a collection agency, expenses, and court costs even if rent is paid after the legal action is started." Appellant argues that the phrase "actual attorneys' fees" means "those fees that are real and have been incurred and

4

paid." Because respondents "have not paid any attorney's fees," appellant continues, they are not entitled to recover fees under the plain language of the lease.[3] Respondents argue that "actual" means "real or existing in fact" and that actual fees are "the real amount incurred for the services rendered, regardless of payment."[4]

We construe a lease in the same way we construe any other contract. *See Rhode*, 820 N.W.2d at 8-9 (interpreting a lease using the ordinary rules of contract interpretation). "Contract interpretation is a question of law that we review de novo." *Valspar Refinish, Inc. v. Gaylord's, Inc.*, 764 N.W.2d 359, 364 (Minn. 2009) (quotation omitted). "[T]he goal of contract interpretation is to ascertain and enforce the intent of the parties." *Rhode*, 820 N.W.2d at 14 (quotation omitted). "[P]rovisions of a lease should never be interpreted in isolation, but rather in the context of the entire agreement." *Id.* (quotation omitted). "When a [contract's] language is clear and unambiguous, we

---

[3] Appellant does not argue on appeal that the possessive "MANAGEMENT'S" immediately preceding "actual attorney's fees" means that only attorney's fees for which a party is liable fall within the ambit of paragraph E.24. As this argument has not been argued or briefed, it is not properly before us. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988).

[4] Respondents also argue that another clause in the lease, specifically paragraph F.30, allows the landlord to recover "all court costs and attorney's fees MANAGEMENT has in any suit for eviction, unpaid rent, or any other debt or charge." This paragraph "specifies an action . . . [in which] a landlord . . . may recover attorney fees," *see* Minn. Stat. § 504B.172, and respondents argue that, even if we were to construe "actual" to have the meaning advanced by appellant, there are other sections of the lease which allow for recovery. Respondents did not raise this specific argument to the district court, and it typically would be waived. *See Thiele*, 425 N.W.2d at 582. But, as discussed below, we do not review contract provisions in isolation, and the multiple provisions in this lease allowing for appellant to recover fees are critical in determining the meaning of the word "actual" in paragraph E.24 of the lease. *See RAM Mut. Ins. Co. v. Rhode*, 820 N.W.2d 1, 14 (Minn. 2012) (stating that contract provisions should not be read in isolation, and the courts should look to the provision in context of the entire contract).

interpret [it] according to the plain, ordinary sense so as to effectuate the intention of the parties." *Carlson v. Allstate Ins. Co.*, 749 N.W.2d 41, 45 (Minn. 2008) (quotation omitted). Language in a contract is ambiguous when "it is susceptible to two or more reasonable interpretations." *Id*. In construing contract language, we may also look to dictionary definitions. *Id*.

*Black's Law Dictionary* defines the word "actual" to mean "existing in fact." *Black's Law Dictionary* 40 (9th ed. 2009). Each party argues that this *Black's Law Dictionary* definition unambiguously supports that party's position on the meaning of the term "actual" modifying "attorneys' fees" under the lease.

But appellant does not stop at the dictionary definition, and would have us add to the lease a definition that fees are "actual" only when they have been paid out of pocket by the party seeking recovery. Appellant, as drafter of the lease, could have so defined the term and, for whatever reason, did not do so. Instead, the lease merely states, concerning when the landlord may recover attorney fees from the tenant, that "RESIDENT must pay MANAGEMENT'S actual attorneys' fees." And appellant agrees that, had it prevailed in the underlying eviction litigation, it would have been entitled to seek attorney fees under the lease.

Whether appellant had paid its attorney fees out-of-pocket, owes attorney fees on account, or has paid its attorney by way of a retainer appears to us to be irrelevant under the plain language of the lease. Whether fees are "existing in fact" involves neither whether the fees are still owed or have been paid, nor how or by whom those fees were

6

paid. The question of whether attorney fees are "actual" amounts to determining whether the attorney fees exist in fact and are real.

Here, respondents' lawyer *was* paid for her services. She submitted a detailed (and unquestioned) affidavit of the time that she spent working on the underlying eviction action, and she detailed under oath what she was paid. It is true that she was not paid *by respondents*. Instead, she was paid by Mid-Minnesota Legal Aid. But the money she was paid existed in fact. It is not for us to add definitions to the lease that are not contained in it – particularly new definitions favorable to the drafter.

We also construe contracts "in the light of surrounding circumstances and the purpose for which it was executed." *Taylor v. More*, 195 Minn. 448, 453, 263 N.W. 537, 539 (1935). The surrounding circumstances and purpose of this lease confirm that the document was drafted so as to broadly allow a landlord to recover attorney fees from a tenant in as many circumstances as possible. Pursuant to Minn. Stat. § 504B.172, respondents in their status as tenants are similarly broadly entitled to recover attorney fees whenever the landlord could do so. The word "actual," read "in the context of the entire agreement," does not have the constrained meaning ascribed to it by appellant. *See Rhode*, 820 N.W.2d at 14.

Further, and although the word "actual" is not ambiguous, the circumstances wherein appellant would have been able to recover attorney fees under this lease are not limited to paragraph E.24 of the lease. The lease contains three separate provisions allowing a landlord to collect attorney fees, each provision employing different language, and only one of those paragraphs employs the term "actual." Paragraph E.24 allows the

7

landlord to recover "actual attorneys' fees, or other legal fees and expenses including . . . court costs." Paragraph F.30 allows the landlord to be reimbursed for "all court costs and attorney's fees." Paragraph D.18 allows the landlord to recover losses associated with the early termination of a lease "including court costs and attorneys' fees." Conspicuously missing from paragraphs F.30 and D.18 is the word "actual." Paragraphs F.30 and D.18 serve a similar purpose as section E.24, namely to broadly permit the landlord to recover attorney fees when it prevails in a suit against a tenant. Had appellant intended that the word "actual" have the significance and meaning it now ascribes to it, the word presumably would have appeared in all of the lease provisions concerning recovery of attorney fees.

Appellant has a readily available mechanism to avoid liability for the attorney fees of prevailing tenants such as respondents; it can remove from its form lease the language broadly entitling it to recover attorney fees when it prevails. The statute unambiguously entitles a prevailing tenant to recover fees "to the same extent as specified in the lease for the landlord." Minn. Stat. § 504B.172. Since respondents' attorney was paid actual fees for her work, which fees were not contested or disputed in the district court, the district court's order requiring appellant to pay those actual fees accomplishes precisely what the statute requires. We therefore affirm the district court's holding that respondents are entitled to recover attorney fees pursuant to Minn. Stat. § 504B.172.

**Affirmed.**

8